**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, DAYTON**

| | |
|---|---|
| MICHELE WILKINSON, *et al.*, ) | |
| ) | Case No. 3:11-CV-247 |
| Plaintiffs, ) | |
| ) | Judge Walter H. Rice |
| v. ) | |
| ) | Magistrate Judge Sharon L. Ovington |
| GREATER DAYTON REGIONAL ) | |
| TRANSIT AUTHORITY and ) | **PLAINTIFFS' MOTION TO** |
| JEAN MCENTARFER, ) | **COMPEL DISCOVERY,** |
| ) | **WITH THE IMPOSITION** |
| Defendants. ) | **OF WAIVER** |

Plaintiffs, through counsel, move the Court under Fed.R.Civ.P. Rule 37(a), LR 37.1, and LR 37.2, for an order compelling Defendants to provide full and complete responses to Plaintiffs' discovery by a date certain, overruling Defendants' discovery objections, and deeming that Defendants have waived the attorney client privilege and work product doctrines. Plaintiffs state in support:

1. On December 8, 2011, Plaintiffs served Plaintiffs' First Set of Interrogatories ("Interrogatories"), Plaintiffs' First Request for Production of Documents ("Document Requests"), and Plaintiffs' First Set of Requests for Admission of Facts and Genuineness of Documents ("Requests for Admission") on Defendants through their counsel, Baker & Hostetler LLP, by both electronic and regular U.S. Mail. (Plaintiffs Exhibit ["PX"] 1 – Declaration of William W. Leathem Evidencing Compliance with Fed.R.Civ.P. 37 and Local Rules 37.1 and 37.2 at ¶ 3.)  (NOTE: Plaintiffs Exhibits are attached to this motion.) Under Rules 6(b), 33, and 34, and 36, Defendants' answers and objections were due on January 10, 2012.

2. On March 16, 2012 – after three (3) extensions of time totaling 96 days – Defendants served, and Plaintiffs received, Defendants' Answers to Plaintiffs First Set of Interrogatories, Defendants' Responses to Plaintiffs' First Request for Production of Documents, and Defendants' Responses to Plaintiffs' First Set of Requests for Admission of Facts. Defendants did not physically produce a single document. Nor did Defendants provide a privilege log despite asserting the attorney client privilege and work product doctrine to numerous discovery requests. (PX 1 – Leathem decl. ¶¶ 5-6.) True and correct copies of Defendants' discovery responses are attached to this motion to compel as PX 2, 3, and 4.[1]

3. As detailed in Plaintiffs' Memorandum in Support of Motion to Compel Discovery with the Imposition of Waiver – filed contemporaneously with this motion – Defendants asserted a litany of objections to virtually all of the Interrogatories and Document Requests.

4. Despite sincere attempts by Plaintiffs' counsel to obtain full and complete responses to the Interrogatories and Document Requests at issue and to resolve disputes over the objections raised by Defendants without this Court's intervention, Plaintiffs have been unable to resolve their differences with Defendants. (PX 1 – Leathem decl. ¶¶ 7-15 and Exhibits C-G thereto.)  To date Plaintiffs have not received any supplemental/amended discovery responses, a single document, or a privilege log. (*Id.* at ¶¶ 6, 13-14.)

**WHEREFORE**, Plaintiffs requests that this Court grant their motion and enter an Order:

(a) overruling all of Defendants' objections to the Interrogatories and Document

---

[1] Defendants' Responses to Plaintiffs' First Set of Requests for Admission of Facts is attached to this motion because parts of it are referenced in Plaintiffs' supporting memorandum. However, the disputed issues with respect to the Requests for Admission are set forth separately in Plaintiffs' companion motion under Rule 36 – Plaintiffs' Motion to Determine the Sufficiency

2

Requests;

  (b) finding that Defendants have waived the attorney client privilege and work product doctrine by their failure to carry their burden for invoking the protections and by their failure to timely submit a valid privilege log;

  (c) finding that Defendants have failed to carry their burden for a protective order with respect to the discovery sought by Plaintiffs;

  (d) compelling Defendants to provide complete and responsive answers to Interrogatories 2, 6, 8-24, and 26-36, and 38-40 by a date certain;

  (e) compelling Defendants to provide complete and responsive answers to Document Requests 1-5, 7-11, 13-24, 26-30, 32, and 34-53 by a date certain; and

  (f) compelling Defendants to physically produce all documents that are responsive to the Interrogatories and Document Requests by a date certain.

           Respectfully submitted,

           /s/ William W. Leathem
           William W. Leathem
           *Co-Counsel for Plaintiffs*
           Jacobs Burns Orlove & Hernandez
           122 South Michigan Avenue, Suite 1720
           Chicago, IL 60603-6145
           (312) 372-1646

           David M. Cook
           Claire W. Bushorn
           Jennie G. Arnold
           *Trial Attorneys for Plaintiffs*
           Cook, Portune & Logothetis, LLC
           22 West Ninth Street
           Cincinnati, OH 45202
           (513) 721-0444

---

of Certain Responses and to Deem the Requests Admitted.

**CERTIFICATE OF SERVICE**

I, William W. Leathem, an attorney hereby certify that on May 10, 2012 I electronically filed **Plaintiffs' Motion to Compel Discovery, with the Imposition of Waiver** with the Clerk of the Court using the CM/ECF system, which shall provide notification by email of such filing to:

>Matthew L. Roberts
>Daniel J. Guttman
>Rodger L. Eckelberry
>David Whitcomb

>/s/ William W. Leathem
>William W. Leathem