**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION, DAYTON

MICHELE WILKINSON *et al.*,      )
                                  )     Case No. 3:11-CV-247
        Plaintiffs,      )
                                  )     Judge Walter H. Rice
      v.                     )     Magistrate Judge Sharon L. Ovington
                                  )
GREATER DAYTON REGIONAL     )
TRANSIT AUTHORITY and         )
JEAN MCENTARFER,           )
                                  )
           Defendants.     )

## DECLARATION OF WILLIAM W. LEATHEM
## EVIDENCING COMPLIANCE WITH FED.R.CIV.P. 37(a)
## AND LOCAL RULES 37.1 and 37.2

I, William W. Leathem, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

     1.     I am a lawyer in the Chicago, Illinois law firm of Jacobs Burns Orlove & Hernandez. I am one of the attorneys who represent Plaintiffs in this matter. I have personal knowledge of the facts set forth in this declaration and am competent to testify if necessary.

     2.     This declaration is submitted in support of Plaintiffs' Motion to Compel (Documents and Interrogatory Responses) with the Imposition of Waiver, as my efforts to resolve this matter without judicial intervention were unsuccessful.

     3.     On December 8, 2011, Plaintiffs served Plaintiffs' First Set of Interrogatories ("Interrogatories"), Plaintiffs' First Request for Production of Documents ("Document Requests"), and Plaintiffs' First Set of Requests for Admission of Facts and Genuineness of Documents ("Requests for Admission") on Defendants through their counsel, various counsel at Baker & Hostetler LLP, by both electronic and regular U.S. Mail.

4.      Under Rules 6, 33, 34, and 36, Defendants were required to serve their answers and objections to the discovery no later than January 10, 2012.

5.      Defendants' counsel thereafter requested three (3) extensions of time in which to respond to the discovery, all to which I agreed in the spirit of cooperation. On January 5, 2012, I had a telephone conversation with Matthew Roberts, one of Defendants' counselors. He requested a 30-day extension to February 10, 2012, to which I agreed and confirmed by email the same day. On January 6, 2012, I received an emailed letter from Mr. Roberts also confirming the 30-day extension to February 10, 2012. Exhibit A comprises true and correct copies of my email and Mr. Roberts's letter. On February 7, 2012, I received an email from local counsel Claire Bushorn (Cook, Portune & Logothetis, LLC), forwarding an email request from Mr. Roberts for another 30-day extension. I approved the extension and Ms. Bushorn notified Mr. Roberts and Daniel Guttman the same day, February 7, of the agreement to March 9, 2012. Exhibit B comprises true and correct copies of the parties' email exchanges. During a telephone conference on Thursday March 8, 2012, Mr. Guttman requested either an additional 14-day extension, but in no event less than a 4-day extension, of the discovery response date. After many related telephone call and emails, we agreed upon a 5-day extension to the following Tuesday, March 13, 2012.

6.      On March 16, 2012, I received Defendants' Answers to Plaintiffs First Set of Interrogatories, Defendants' Responses to Plaintiffs' First Request for Production of Documents, and Defendants' Responses to Plaintiffs' First Set of Requests for Admission of Facts. I did not receive – and still have not received to date – a single document from Defendants. Nor did I receive a privilege log. True and correct copies of Defendants' discovery responses are attached to Plaintiffs' motion to compel as Plaintiffs Exhibits ("PX") 2, 3, and 4.

7.  I determined from my review of Defendants' responses that the objections and responses to nearly every interrogatory and document request were improper, unresponsive, evasive, and did not comply with Rules 33 and 34 for a number of reasons. I also determined that the responses to certain Requests for Admission were insufficient. In an attempt to resolve these issues, I assisted my co-counsel Claire Bushorn (Cook, Portune & Logothetis LLC) in the preparation of a letter, under Fed.R.Civ.P. 37, detailing the issues that we had with Defendants' responses to the particular Interrogatories, Document Requests, and Requests for Admission. The letter to Messrs. Guttman and Roberts was finalized and mailed by Ms. Bushorn on March 22, 2012, and requested that they contact us early the following week to set up a time to talk. A true and correct copy of the Rule 37 letter is attached as Exhibit C.

8.  As part of my review, I also prepared charts summarizing Defendants' objections to the discovery. PX 5is a true and correct copy of the Summary Chart for of the Interrogatories. PX 6 is a true and correct copy of the Summary Chart for the Document Requests.

9.  Having not heard from Defendants' counsel by March 27, 2012, I sent an email to Messrs. Guttman and Roberts on March 27 to arrange a time to talk. I also inquired in the email whether Defendants had actually identified documents they are withholding on privilege grounds and if so when I would get the privilege log. After regular business hours on March 27, 2012, I received an email from Mr. Roberts stating that Defendants were still evaluating the Rule 37 letter and intended to serve a written response the following week. Ex. D comprises true and correct copies of the parties' email exchanges.

10.  At 3:59 p.m. on Good Friday, April 6, 2012, I received by email a copy of Defendants' response to the Rule 37 letter, signed by another of Defendants' counsel, Rodger Eckelberry. I had left for vacation by that time and literally was without access to email until I

returned to the office on Monday, April 16, 2012. Exhibit E is a true and correct copy of Mr. Eckelberry's response to the Rule 37 letter which I received.

11.     On April 23, 2012 I engaged in the Rule 37 telephone conference with three of Defendants' counsel: Roger Eckelberry, Mr. Roberts, and David Whitcomb. During the telephone discussion, which lasted nearly two (2) hours, we discussed the issues raised in my Rule 37 letter and the positions taken by Defendants. To the extent that Defendants contend any issues were not discussed, that would be due only to an unintentional oversight because I was busy fielding questions from all three of Defendants' attorneys. The only significant issue that was somewhat resolved concerned Defendants' objections to the temporal scope of discovery. The generally relevant discovery period in Plaintiffs' discovery began July 20, 2008. However, some discovery requests sought documents and/or information from January 1, 2006. Defendants had objected to any discovery prior to July 20, 2008, and insisted on a protective order before any documents would actually be produced. During the discussion, Defendants indicated that they would produce certain documents to the extent they were available from January 2006 forward. However, Defendants continued to insist that they would define the types of files they would produce (to the extent available); specifically, Defendants stated that they would produce FMLA files and discipline files to the extent the files contained responsive documents, but did not expressly agree to produce responsive documents that existed elsewhere. Defendants also continued to insist that the documents only would be produced pursuant to a protective order. Defendants agreed to prepare a draft protective order for discussion. From my perspective, no other significant or substantive dispute was resolved during the discussion.

12.     Immediately upon the conclusion of the meeting I sent an email on April 23, 2012 to Messrs. Eckelberry, Roberts, and Whitcomb requesting (a) that the documents, when

produced, be produced in electronic searchable format, and (b) that Defendants provide formal supplemental/amended responses to the interrogatories and document requests by May 7, 2012. With respect to the first item, Mr. Eckelberry responded that not all documents exist in electronic format, but those that did would be produced as such; he did not indicate which documents, if any, would be produced in a searchable format. With respect to the second item, he stated that Defendants would respond by May 7, 2012. Exhibit F consists of true and correct copies of miscellaneous emails between me, Mr. Eckelberry, and one of my local counsel, David Cook (Cook, Portune & Logothetis, LLC) on these matters.

13.     On May 8, 2012, having not received the formal supplemental/amended discovery responses by May 7, I emailed Messrs. Eckelberry, Roberts, and Whitcomb inquiring on the status of the responses. Exhibit G is a true and correct copy of my May 8, 2012 email. To date I have not received supplemental/amended discovery responses or a request from Defendants for more time in which to supplement/amend.

14.     As for the privilege log, Defendants stated in their April 6, 2012 letter that they needed to review the documents for privilege and estimated that the review would be completed in about 14-21 days. (*See* Exhibit E at 11.) To date I have not received a privilege log from Defendants, and thus have no idea what if anything Defendants are withholding on privilege grounds.

15.     On April 25, 2012, I received a draft "Agreed Protective Order" from Mr. Roberts, which he had prepared concerning Defendants' production of documents. I forwarded my comments and revisions to Mr. Roberts and his co-counsel on May 3, 2012. Mr. Roberts indicated in an email that he can agree to some of my changes but not to other changes, but to date has not provided me with an updated version identifying the areas of disagreement. Thus, to

date the parties have not been able to reach a complete agreement on the terms of the protective

order. Exhibit H is a true and correct copy of my email correspondence with Mr. Roberts

concerning the draft protective order.

Executed on May 10, 2012.

/s/ William W. Leathem
William W. Leathem

# EXHIBIT 1A

**William Leathem**

| | |
|---|---|
| From: | William Leathem |
| Sent: | Thursday, January 05, 2012 2:47 PM |
| To: | 'Roberts, Matthew L.' |
| Cc: | Guttman, Dan; 'Claire Bushorn'; David Cook |
| Subject: | Wilkinson v GDRTA |

Matt:

     No problem re: your request to extend the discovery response-date to 2/10/12. Also, as discussed, we will prepare an Amended Rule 26(f) Report moving all dates further out, and give you a draft for review before filing it.

William W. Leathem
Jacobs Burns Orlove & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(T) (312) 327-3446
(F) (312) 580-7175

# Baker Hostetler

Baker&Hostetler LLP

Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260

T 614.228.1541
F 614.462.2616
www.bakerlaw.com

January 6, 2012

Matthew L. Roberts
direct dial: 614.462.2694
mroberts@bakerlaw.com

**VIA EMAIL AND U.S. MAIL**

William W. Leathem
Jacobs Burns Orlove & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
WLeathem@jbosh.com

Subject:  *Wilkinson, et al. v. Greater Dayton Regional Transit Authority, et al.,* Case
No. 3:11-CV-247, United States District Court, Southern District of Ohio

Dear William:

This letter is to confirm the parties' agreement to a 30-day extension of time for Defendants to respond to Plaintiffs' First Set of Interrogatories, Plaintiffs' First Set of Requests for Admission of Facts and Genuineness of Documents, and Plaintiffs' First Request for Production of Documents, all of which were sent by Plaintiffs on December 8, 2011.

Defendants will respond to each of these discovery requests on or before February 10, 2012. We appreciate your professional courtesy.

Sincerely,

Matthew L. Roberts

cc:  Daniel Guttman, Esq.
     David Cook, Esq.
     Claire Bushorn, Esq.

**EXHIBIT 1B**

**William Leathem**

| | |
|---|---|
| **From:** | Claire Bushorn [CBushorn@econjustice.com] |
| **Sent:** | Tuesday, February 07, 2012 1:49 PM |
| **To:** | David Cook; William Leathem |
| **Subject:** | FW: Wilkinson v. GDRTA |

*Claire W. Bushorn*
Cook, Portune & Logothetis, LLC
22 West 9th Street
Cincinnati, Ohio 45202
513.287.6992 - direct dial
513.721.0444 - office
513.721.1178 - fax
cbushorn@econjustice.com
*www.employmentjusticelaw.com*

**From:** Roberts, Matthew L. [mailto:mroberts@bakerlaw.com]
**Sent:** Tuesday, February 07, 2012 2:47 PM
**To:** Claire Bushorn
**Subject:** Wilkinson v. GDRTA

Claire,

To follow up on my voicemail, we still need some additional time to respond to Plaintiffs' discovery requests. Another 30 days would be very helpful as we continue to pull together our responses.

Please let me know.

Thanks,

Matt

| My Bio | Web site | V-card |
|---|---|---|

T 614.462.2694
F 614.462.2616
M 614.832.9759
www.bakerlaw.com

**Matt Roberts**
mroberts@bakerlaw.com

Baker & Hostetler LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio 43215-4260

Baker Hostetler

1

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

**William Leathem**

| | |
|---|---|
| **From:** | Guttman, Dan [DGuttman@bakerlaw.com] |
| **Sent:** | Tuesday, February 07, 2012 5:21 PM |
| **To:** | Claire Bushorn; Roberts, Matthew L. |
| **Cc:** | David Cook; William Leathem; Guttman, Dan |
| **Subject:** | RE: |

Thank you for the confirmation email as to Plaintiffs' First Set of Interrogatories, Requests for Production and Requests for Admissions/Genuineness.



My Bio   Web site   V-card

T 614.462.4740
F 614.462.2616
M
www.bakerlaw.com

Dan Guttman
dguttman@bakerlaw.com

Baker & Hostetler LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio 43215-4260

Baker Hostetler

---

**From:** Claire Bushorn [mailto:CBushorn@econjustice.com]
**Sent:** Tuesday, February 07, 2012 6:16 PM
**To:** Guttman, Dan; Roberts, Matthew L.
**Cc:** David Cook; William Leathem
**Subject:**

Matt and Dan,

To confirm our earlier conversation, we agree to a 30 day extension to respond to our discovery requests, now due by March 9th.

Thanks,
Claire

*Claire W. Bushorn*
Cook, Portune & Logothetis, LLC
22 West 9th Street
Cincinnati, Ohio 45202
513.287.6992 - direct dial
513.721.0444 - office
513.721.1178 - fax
cbushorn@econjustice.com
*www.employmentjusticelaw.com*

1

This message may contain confidential information and communications subject to the attorney-client privilege. If this message has been received by anyone other than the intended recipient by error, please deliver it to the intended recipient as soon as possible, and destroy this message. Should you have any questions, please contact me at the address and number listed above.

Under IRS rules of practice, we inform you that any federal tax advice contained in this writing, unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding tax-related penalties or (2) promoting, marketing or recommending to another party any tax-related transaction(s) or matter(s) addressed herein.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This email has been scanned by the Symantec Email Security.cloud service. For more information please visit http://www.symanteccloud.com

# EXHIBIT 1C

# Cook, Portune & Logothetis, LLC

## Attorneys at Law

David M. Cook
Todd Portune
Jennie G. Arnold*
Claire W. Bushorn

*Also admitted in Colorado

Of Counsel
Sorrell Logothetis

March 22, 2012

VIA EMAIL AND U.S. MAIL

Daniel J. Guttman
Matthew L. Roberts
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
DGuttman@bakerlaw.com
MRoberts@bakerlaw.com

Re:   **Wilkinson _et al._ v. Greater Dayton Regional Transit Authority,**
      Case No. 3:11-CV-247 (S.D.Ohio)

Gentlemen:

I write, pursuant to Fed.R.Civ.P. 37, concerning certain of defendant responses to plaintiffs' first written discovery; specifically Defendants' Answers to Plaintiffs' First Set of Interrogatories ("Interrogatories" or "INT"), Defendants' Responses to Plaintiffs' First Request for Production of Documents ("Document Request" or "DR"), and Defendants' Responses to Plaintiffs' First Set of Requests for Admission of Facts and Genuineness of Documents ("Admission" or "RA"). We would like to set up a conference call with you early next week to discuss an amicable resolution of the items at issue, and/or to narrow the issues that will need to be presented to the Court for resolution. Please let William Leathem and myself know what times work best for you on Monday (March 26, 2012) and Tuesday (March 27, 2012).

## I.   **Defendant's Responses to Interrogatories.**

As a threshold matter, I note that defendants re-numbered the interrogatories to align with their position that every interrogatory with subparts should be counted as multiple interrogatories, i.e. that each subpart should be counted as a single interrogatory. Although I disagree with defendants' position, for sake of continuity I will refer to the interrogatories by the numbers that you have assigned them.

_The "in detail" objection._

Defendants objected to INT ## 1-14, and 30 on the grounds that they require defendants "to provide information 'in detail' as beyond the scope of Fed.R.Civ.P. 33." Frankly, I am not sure what that means. While an interrogatory requesting the responding party to provide "each and every fact"

---

is generally considered improper, I am not aware of any prohibition against asking a party to provide/state facts "in detail." The phrase "in detail" implies that a party properly responding to an interrogatory will provide the requisite principal and material facts. Please withdraw the objection and, as for those interrogatories to which you did not respond (i.e. INT ## 10-14), provide an answer containing all the principal and material facts.

### The "general response/further specification" objection.

Defendants objected to INT ## 3, 4, 18, 19, and 30 on the grounds that the interrogatories seek "a general response concerning all the procedures employed by the GDRTA anytime an employee requests FMLA leave, even though such procedures may depend upon the individual facts and circumstances of each employee's request…[and] that further specification of the individual circumstances at issue is required in order to respond…" I am unaware of any prohibition against interrogatories aimed at a party's policies and practices in general. For example, with respect to INT # 3, GDRTA certainly follows certain procedures when it receives a request from an employee for FMLA leave. It may require that the employee complete specific forms, such as a Request for Family and Medical Leave form, and/or request that the employee's health care provider complete a medical certification form to be returned by a date certain. Surely someone determines whether an employee requesting leave is "eligible" for leave and communicates that determination to the employee in some manner. And, in cases when a medical certification is not required (*see* RA # 3), someone must make a determination as to whether the employee is suffering from an FMLA-qualifying condition, or not, and communicates that determination to the employee (or to someone at GDRTA who in turn notifies the employee) in some manner. Please withdraw the objection amend accordingly.

### The subject to a Protective Order and the production of documents from FMLA files from July 20, 2008 objection.

Defendants stated in response to INT ## 8, 9, 20, 21, 26-28, 34, 36, and 40 that, subject to a protective order, they will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time. Defendants have not stated any reason why a protective order is appropriate or would be necessary.

As for the documents themselves, defendants' general reference to "documents from FMLA files" is insufficient. Although Rule 33(d) gives a defendant the option of producing business records by "specifying the records that must be reviewed," the specification must be "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed.R.Civ.P. 33(d). Simply referring to the unspecified number of files and "documents from" those files is not enough. A party producing business records in lieu of answering an interrogatory is minimally required to identify the documents it is referring to, and indicate the pages or paragraphs that are responsive. Thus, for example, in response to INT # 8, defendants must at a minimum identify the employees who have applied for (requested) FMLA leave, and where the responsive information is located in their files. Similarly, and by way of further example, in response to INT # 26, defendants must at a minimum identify the employees who were required to obtain a second medical opinion and where that information is contained in their files.

As for the period of time at issue, INT ## 20, 21, and 26-28 inquired for the date January 1, 2006 forward. Defendants have indicated that they will produce documents only for the period July 20, 2008 forward. Documents and information for the period beginning January 1, 2006 are relevant to and reasonably calculated to lead to the discovery of admissible evidence because they would tend to show *inter alia* how defendants have treated the issues in the past. Discovery is not *per se* rendered

not relevant simply because it pertains to events outside the applicable limitations period. Further, the time period is reasonable in that it only goes back to 2006.

Please withdraw these objections and provide the information requested.

*The "not relevant..." objection.*

Defendants objected to certain interrogatories on the grounds that the requested "information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence..."

(a) Because no Plaintiff has asserted a claim based on the length of time to receive an FMLA packet (INT # 4);

(b) Because no Plaintiff has asserted a claim based on the method used to verify when GDRTA receive[d] an FMLA packet (INT # 5);

(c) To the extent that it seeks information about policies, procedures, or practices not alleged by Plaintiffs to be unlawful (INT # 7);

(d) Because no Plaintiff has asserted a claim regarding the average length of time for the GDRTA to approve or deny an application for FMLA leave (INT # 8);

(e) Because no Plaintiff has asserted a claim based on the average length of delay in the GDRTA's approval of FMLA leave (INT # 9);

(f) Because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for scheduled appointments only (INT # 10);

(g) To the extent it seeks information about stipulations or restrictions not applied to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint (INT ## 10-19);

(h) Because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of appointments per month and/or per period of approved FMLA leave (INT # 11);

(i) Because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of episodes or incidents per month and/or per period of leave (INT # 12);

(j) Because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of days per episode or incident (INT # 13);

(k) Because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of days per month and/or per period of leave (INT # 14);

(l) Because no Plaintiff has asserted a claim concerning any discipline imposed for taking unforeseeable FMLA leave (INT ## 15-19);

(m) To the extent it seeks information about discipline not imposed on Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the complaint (INT ## 15-19);

(n) To the extent it seeks information about FMLA requests by employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint (INT ## 20-21);

(o) Because no Plaintiff has asserted a claim concerning any discipline imposed for using provisionally approved FMLA leave (INT # 22, 23);

(p) To the extent is seeks information about discipline not issued to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint (INT # 22, 23);

(q) Because no Plaintiff has asserted a lcaim concerning any discipline received because he
   or she used approve FMLA leave (INT # 24);

(r) To the extent that it seeks information about employees other than Plaintiffs or any
   putative class member within the applicable statutory time period to bring the claims
   alleged in the Complaint (INT ## 24-29);

(s) To the extent that it seeks information about forms and procedural requirements
   applied to employees other than Plaintiffs or any putative class member within the
   applicable statutory time period to bring the claims alleged in the Complaint (INT #.
   30);

(t) To the extent that it seeks information outside of the applicable statutory time period to
   bring the claims alleged in the Complaint (INT # 31);

(u) To the extent that it seeks information about complaints or requests for FMLA leave
   not related to Plaintiffs' allegations in the Complaint (INT # 34);

(v) To the extent that it seeks information about policies, procedures and/or methods not
   applied to Plaintiffs or any putative class member within the applicable statutory time
   period to bring the claims alleged in the Complaint (INT # 39);

(w) To the extent that it seeks information about medical certifications submitted by
   employees other than the Plaintiffs or putative class member within the applicable
   statutory time period to bring the claims alleged in the Complaint. (INT # 40).

Discovery is not limited to the issues raised by the pleading the merits of a case. Nor is it not relevant simply because it is outside the applicable limitations period, as noted above. The only requirement is that it be relevant to the subject matter involved in the proceeding. The information sought by these interrogatories is relevant to the proceedings because it will assist in defining and/or clarifying the issues. Please withdraw these objections and provide the information requested.

*The supernumerary objection.*

Defendants objected that INT # 16-40 "exceeded the fifteen (15) collective Interrogatories" the parties agreed upon. Defendants do not point to any document which establishes that the parties agreed that the number of interrogatories which plaintiffs could serve is limited to 15. The parties' Rule 26(f) Report makes clear that the interrogatory limitation applies only to defendants. Yet even assuming that plaintiffs were subject to such a limitation, defendants have simply assumed without more that every interrogatory with subparts presents separate interrogatories. Plaintiffs disagree with defendants' application of an across-the-board rule. Please withdraw these objections and provide the information requested.

*The burden-shifting objection.*

Defendants objected to INT # 20, 24-29, 34, and 40 on the grounds that the interrogatories improperly attempt to shift the burden of identifying class members to defendants, in violation of *Oppenheimer Fund, Inc. v. Sanders.* Plaintiffs disagree, and do not read *Oppenheimer* so restrictively. Indeed, the Court has expressly allowed for such discovery by setting separate discovery deadlines for class allegations and general merits-based allegations. In any event, the interrogatories do not seek to identify the class, but rather seek relevant information on specific issues; for example, who was granted leave, who was disciplined under the absence control policy, who was required to obtain a second medical opinion, and so on. *See e.g.* INT # 20, 24, and 26. Please withdraw these objections and provide the information requested.

*Specific response by defendants.*

Defendants have generally asserted multiple objections to interrogatories. The summary statements above apply equally to any interrogatory to which defendants have interposed the objection. Therefore, plaintiffs will not reiterate each and every summary when addressing an interrogatory to which multiple objections have been raised.

**INT ## 1, 3:** Defendants' responses are insufficient for the reasons stated above (the "general response/further specification" objection).

**INT # 2:** The Instructions to Plaintiffs' Interrogatories state that unless otherwise specified, the interrogatories cover the time period July 20, 2008 to the present. Defendants' response to INT # 2 is insufficient because it addresses only GDRTA's *current* FMLA policy that went into effect in or around February 2010.

**INT # 6:** Please be more specific as to the FMLA Regulations relied upon, by providing the appropriate citations.

**INT ## 10-19:** Defendants objected, and did not respond, to these interrogatories. The objections should be withdrawn for the reasons stated in this letter, and answers provided. Please amend accordingly.

**INT # 29:** Defendants stated that GDRTA has "asked" employees to complete a Request for Family or Medical Leave form, but has not identified those employees as requested by the interrogatory.

**INT # 30:** Defendants' response is insufficient because it does not identify the forms that must be completed or the other procedural requirements that must be complied with in seeking FMLA leave. To the extent the forms and procedures are set forth in GDRTA's FMLA Policy, defendants are required by Rule 33(d) to identify where, and if additional forms and/or procedures are involved, to identify those as well.

**INT # 31:** Defendants' response is insufficient because it does not describe in any detail the training that GDRTA managers and human resources personnel received. Defendants' answer merely states that they were provided "training regarding its revised FMLA Policy, practices and procedures..." and identifies who attended. Similarly, the answer states only that Jean McEntarfer attended a variety of "FMLA training sessions for human resources personnel." More is required.

**INT # 32:** Defendants' response is insufficient because it does not address "how information...is maintained" and refers only to current employees. The interrogatory is not limited to current employees.

**INT # 33:** It appears that defendants may have misunderstood the interrogatory. The interrogatory asks defendants to "describe any FMLA requirements waived by GDRTA" as to salaried/executive personnel, i.e. are these people subject to the same requirements, policies, and procedures, or have any FMLA requirements been waived as to them such that they are not required to follow or comply with certain steps.

INT # 34: Defendants' response is evasive in that it seeks to limit the information that defendants are willing to disclose to grievance files from July 20, 2008 forward. But the interrogatory seeks information about employee complaints or allegations related to requests for FMLA leave in general, not just in the context of grievances. Further, the attempt to limit the time period is improper for the reasons stated above.

INT # 35: Defendants' response is incomplete. Defendants' response to RA # 9 states that "medical determination concerning whether an employee's health condition is FMLA-qualifying…[is] made by a health care provider who provides a medical opinion to the GDRTA." Defendants have not identified any health care providers in their answer to this interrogatory. Further, the attempt to limit the time period from July 20, 2008 instead of the requested period beginning January 1, 2006 is improper for the reasons stated above. Please amend accordingly.

INT # 38: Defendants' response is insufficient, incomplete, and evasive. Defendants' response makes no reference whatsoever as to its policies and procedures for identifying and determining whether an employee who has requested leave is eligible. A vague reference to the FMLA Regulations, the FMLA Policy, and so on is insufficient. Please provide more specific references.

INT # 40: Defendants' response is insufficient, incomplete, and evasive. Defendants have not identified any medical certifications that they deemed to be invalid or inauthentic, nor have they stated the bases or identified other documents/evidence that supports their assertion or contention. For the reasons stated above, simply referring plaintiffs to unidentified FMLA files is not enough.

## II.    Defendants' Response to Request for Documents.

*Inspection and copying.*

Defendants did not produce any documents; rather, they stated for virtually all document requests (but for DR ## 6, 13, 18, 25) that they will make "relevant and responsive documents identified by Defendants had dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time."

Plaintiffs believe that defendants should have produced documents with their written responses. We can discuss when, where, and how, the production will occur when we discuss this letter. For example, the responses are not clear as to how the production will be made. Will defendants be producing the documents as kept in the ordinary course of business, or will they be organized and labeled to correspond to the categories in the requests? Please amend accordingly.

As for relevance, defendants must produce all non-privileged documents that are responsive. It is not incumbent on defendants to decide what, in their estimation, is "relevant" and to limit production accordingly. Relevance is for the Court to decide.

The Instructions to Plaintiffs' Document Requests state that unless otherwise specified, the interrogatories cover the time period July 20, 2008 to the present. For the reasons stated in § I above, to the extent defendants attempt to impose the same time-frame to document requests that go back farther (i.e. DR ## 5, 9, 10, 31, 33, 34, 36), please withdraw the objection and produce documents for the requested time period.

*Production subject to protective order.*

Defendants stated in response to DR ## 1, 7, 8, 11, 28-30, 34-37, and 39-51 that the production is subject to a protective order. Defendants have not stated any reason why a protective order is appropriate or would be necessary. Please produce the documents.

*Defendants' self-imposed restriction as to*
*Documents that they will produce.*

Defendants' responses to DR # 7-11, 14, 15, 28-30, 34-37, and 39-51 seek to unilaterally imposed a limitation on the types of documents that defendants will produce, instead of producing what the document requests specifically ask for, as well as the sources from which those documents will come. For example, defendants' response to DR # 7 states that they "will make documents from employees' FMLA files...available." But the request seeks more. Defendants are required to produce all responsive, non-privileged documents regardless of where they are located – not just select documents or documents from the employees' FMLA files.

*Refusal to produce.*

Defendants have refused to produce any documents in response to DR ## 16, 17, 27, 32, 52, and 53. Please amend and produce.

*Non-responsive answers.*

Defendants' responses to DR ## 18-24 are unresponsive and evasive. Defendants' statement that they "rely on the individual facts and circumstances (including the employee's medical certification and any other pertinent information), FMLA Regulations, 29 C.F.R. 825, and the FMLA Opinion Letters issued by the Department of Labor" is essentially an "interrogatory" answer, not a response to a document requests. Defendants are required to state whether they are in possession, custody, or control of responsive documents and, if so, that they will be produced. To the extent defendants have relied on FMLA Regulations, Opinion Letters, and "other pertinent information," they must identify it. Please amend and produce.

*Relevance/limitations/class.*

Defendants objected to DR ## 5, 7-10, 11, 15-17, 25-31, 33, 34, 36-40, 45-53 either in whole or in part on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks documents not involving plaintiffs or a putative class member with the applicable statutory time period to bring the claims alleged in the Complaint. For all the reasons stated above, these objections should be withdrawn and documents produced.

## III.    Defendants' Responses to Requests to Admit.

Defendants answer to RA ## 16, 17, 24 do not respond to the admission posed. For example, RA # 24 asks defendants to admit that "you have in at least one instance directly contacted an employee's health care provider to obtain information about the employee's serious health condition." Defendants admit that in at least one instance, a representative "has contacted the

employee's health care provider to *understand the handwriting* on the medical certification or *to understand the meaning* of the response. Neither of the examples given are responsive to what is asked in the request to admit, i.e. "to obtain information about the employee's serious health condition." Please amend these requests to admit.

Please call William at (312) 327-3446, or myself at (513) 287-6992 if you have any questions.

Sincerely,

Claire Bushorn

# EXHIBIT 1D

## William Leathem

| | |
|---|---|
| From: | William Leathem |
| Sent: | Tuesday, March 27, 2012 10:11 AM |
| To: | 'Guttman, Dan'; 'Roberts, Matthew L.' |
| Cc: | 'David Cook'; Claire Bushorn; Jennie Arnold |
| Subject: | Wilkinson |

Good morning, Dan & Matt:

     We need to schedule a time to discuss plaintiffs' Rule 37 letter. In addition to the items contained in the letter, I would like to discuss defendants' attorney-client privilege and work product doctrine objections; e.g. whether defendants actually identified documents they are withholding on grounds of privilege and, if so, when I can expect the privilege log.

William W. Leathem
Jacobs Burns Orlove & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(T) (312) 327-3446
(F) (312) 580-7175

**William Leathem**

| | |
|---|---|
| **From:** | Roberts, Matthew L. [mroberts@bakerlaw.com] |
| **Sent:** | Tuesday, March 27, 2012 5:11 PM |
| **To:** | William Leathem |
| **Cc:** | Guttman, Dan; Eckelberry, Rodger |
| **Subject:** | RE: Wilkinson |

William,

We received Plaintiffs' letter. We are continuing to evaluate the numerous issues you raised and are putting together a written response. You should have it next week. Let's set up a call to discuss outstanding issues after you review our letter.

Matt



---

**From:** William Leathem [mailto:WLeathem@jbosh.com]
**Sent:** Tuesday, March 27, 2012 11:11 AM
**To:** Guttman, Dan; Roberts, Matthew L.
**Cc:** David Cook; Claire Bushorn; Jennie Arnold
**Subject:** Wilkinson

Good morning, Dan & Matt:

We need to schedule a time to discuss plaintiffs' Rule 37 letter. In addition to the items contained in the letter, I would like to discuss defendants' attorney-client privilege and work product doctrine objections; e.g. whether defendants actually identified documents they are withholding on grounds of privilege and, if so, when I can expect the privilege log.

William W. Leathem
Jacobs Burns Orlove & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(T) (312) 327-3446
(F) (312) 580-7175

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

# EXHIBIT 1E

# Baker Hostetler

Baker&Hostetler LLP

Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260

T 614.228.1541
F 614.462.2616
www.bakerlaw.com

April 6, 2012

Rodger L. Eckelberry
direct dial: 614.462.5189
reckelberry@bakerlaw.com

**VIA ELECTRONIC MAIL**

Claire Bushorn
Cook, Portune & Logothetis, LLC
22 West Ninth Street
Cincinnati, OH 45202

*Re:    Wilkinson et al. v. GDRTA*

Dear Ms. Bushorn:

I am writing in response to your letter of March 22, 2012 concerning Defendants'
objections and responses to Plaintiffs' first set of interrogatories, first request for
production of documents, and first request for admissions. Many of the issues raised in
Plaintiffs' letter are difficult or impossible to fully evaluate outside the context of a
particular discovery request. However, after evaluating the numerous issues raised in
your letter, Defendants respond as follows. Defendants provide these responses
subject to and without waiving any objections, and specifically decline to waive or
withdraw any objections that are not specifically retracted below.

> *The "in detail" objection*
>
> *"Defendants objected to INT ## 1-14, and 30 on the grounds that they require
> defendants "to provide information 'in detail' as beyond the scope of
> Fed.R.Civ.P. 33." Frankly, I am not sure what that means. While an
> interrogatory requesting the responding party to provide "each and every fact"
> is generally considered improper, I am not aware of any prohibition against
> asking a party to provide/state facts "in detail." The phrase "in detail" implies
> that a party properly responding to an interrogatory will provide the requisite
> principal and material facts. Please withdraw the objection and, as for those
> interrogatories to which you did not respond (i.e. INT ## 10-14), provide an
> answer containing all the principal and material facts."*

**RESPONSE:** These interrogatories were properly responded to subject to all
objections stated, of which the "in detail" objection was but one. Without waiving that
objection, Interrogatories 1, 2, 6, and 7 were answered fully. Interrogatories 3, 4, and

Claire Bushorn
April 6, 2012
Page 2

5, 8, 9, and 30 cannot be answered in more detail because, as stated in GDRTA's responses, those Interrogatories require fact-specific instances. Defendants reiterate their objections to Interrogatories 10, 11, 12, 13, and 14, including but not limited to their objection that these Interrogatories seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning the alleged practices about which these Interrogatories seek information.

> *The "general response/further specification" objection.*
>
> *"Defendants objected to INT ## 3, 4, 18, 19, and 30 on the grounds that the interrogatories seek "a general response concerning all the procedures employed by the GDRTA anytime an employee requests FMLA leave, even though such procedures may depend upon the individual facts and circumstances of each employee's request. .. [and] that further specification of the individual circumstances at issue is required in order to respond... " I am unaware of any prohibition against interrogatories aimed at a party's policies and practices in general. For example, with respect to INT # 3, GDRTA certainly follows certain procedures when it receives a request from an employee for FMLA leave. It may require that the employee complete specific forms, such as a Request for Family and Medical Leave form, and/or request that the employee's health care provider complete a medical certification form to be returned by a date certain. Surely someone determines whether an employee requesting leave is "eligible" for leave and communicates that determination to the employee in some manner. And, in cases when a medical certification is not required (see RA # 3), someone must make a determination as to whether the employee is suffering from an FMLA-qualifying condition, or not, and communicates that determination to the employee (or to someone at GDRTA who in turn notifies the employee) in some manner. Please withdraw the objection and amend accordingly."*

**RESPONSE:** As you state in your letter, GDRTA "may require" certain things depending upon the facts of a given request. GDRTA's objections are proper because the interrogatories cannot be answered in a factual vacuum. Without waiving those objections, GDRTA produced its FMLA policy. Further, pursuant to Fed. R. Civ. P. 33(d), GDRTA's procedures applied in a particular situation may be derived or ascertained from the FMLA files of employees who requested FMLA leave and the burden or deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Defendants have offered to make these files available for inspection and copying.

> *"Defendants stated in response to INT ## 8, 9, 20, 21, 26-28, 34, 36, and 40 that, subject to a protective order, they will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time. Defendants have not stated any reason why a protective order is appropriate or would be necessary."*

Claire Bushorn
April 6, 2012
Page 3

**RESPONSE:** Defendants have not refused to produce the requested documents; rather, they have indicated that they will make documents available for inspection and copying subject to a protective order. Plaintiffs stated in the Rule 26(f) report that they believe a protective order is necessary. Personal information of putative class members, whom Plaintiffs are seeking to represent, is equally deserving of protection as the personal information of the named Plaintiffs.

> *"As for the documents themselves, defendants' general reference to 'documents from FMLA files' is insufficient. Although Rule 33(d) gives a defendant the option of producing business records by 'specifying the records that must be reviewed,' the specification must be 'in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.' Fed.R.Civ.P. 33(d). Simply referring to the unspecified number of files and 'documents from' those files is not enough. A party producing business records in lieu of answering an interrogatory is minimally required to identify the documents it is referring to, and indicate the pages or paragraphs that are responsive. Thus, for example, in response to INT # 8, defendants must at a minimum identify the employees who have applied for (requested) FMLA leave, and where the responsive information is located in their files. Similarly, and by way of further example, in response to INT # 26, defendants must at a minimum identify the employees who were required to obtain a second medical opinion and where that information is contained in their files."*

**RESPONSE:** Plaintiffs cite no authority for the proposition that a party producing documents in lieu of answering interrogatories "is minimally required to . . . indicate the pages or paragraphs that are responsive." In fact, doing so would defeat the purpose of Rule 33(d). All that is required is that the producing party describe the documents sufficiently for the requesting party to identify the requested information with substantially the same burden as the producing party – which GDRTA has done. GDRTA is not making available all its business records and expecting Plaintiffs to sift through to find the proverbial 'needle in a haystack.' Each GDRTA employee has an FMLA file that contains FMLA-related documents (*e.g.*, requests for leave, approval/denials, calculation of time, medical certificates, etc.). As Plaintiffs requested GDRTA to produce "FMLA files" it is reasonable to conclude that 1) Plaintiffs know what they are and what they contain, and 2) Plaintiffs already intend to review those files. The information Plaintiffs seek, such as "[t]he average length of time it takes GDRTA Human Resources to approve or deny an application for FMLA leave from the time an employee submits all the required documentation[,]" (Int. No. 8), is not available to the GDRTA without individually sifting through each employees' FMLA files. This information could just as easily be derived or ascertained by Plaintiffs reviewing those files as by GDRTA.

> *"As for the period of time at issue, INT ## 20, 21, and 26-28 inquired for the date January 1, 2006 forward. Defendants have indicated that they will produce documents only for the period July 20, 2008 forward. Documents and information for the period beginning January 1, 2006 are relevant to and*

Claire Bushorn
April 6, 2012
Page 4

*reasonably calculated to lead to the discovery of admissible evidence because they would tend to show inter alia how defendants have treated the issues in the past. Discovery is not per se rendered not relevant simply because it pertains to events outside the applicable limitations period. Further, the time period is reasonable in that it only goes back to 2006."*

**RESPONSE:** Plaintiffs only stated justification for seeking information prior to the alleged class period is that it would, purportedly, "tend to show *inter alia* how defendants have treated the issues in the past." That, however, is also not relevant nor reasonably calculated to lead to the discovery of admissible evidence. An action, or inaction, complies with FMLA or does not *regardless* of how Defendants "treated the issues in the past." Plaintiffs' selection of January 1, 2006, is arbitrary. Nonetheless, in the spirit of compromise, as explained in more detail below, GDRTA will make employees' FMLA files available for inspection and copying as they are kept in the ordinary course of business, including correspondence and documents from those files prior to July 20, 2008.

*"Defendants objected to certain interrogatories on the grounds that the requested 'information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence…'*

*(a) Because no Plaintiff has asserted a claim based on the length of time to receive an FMLA packet (INT # 4);*

*(b) Because no Plaintiff has asserted a claim based on the method used to verify when GDRTA receive[d] an FMLA packet (INT # 5);*

*(c) To the extent that it seeks information about policies, procedures, or practices not alleged by Plaintiffs to be unlawful (INT # 7);*

*(d) Because no Plaintiff has asserted a claim regarding the average length of time for the GDRTA to approve or deny an application for FMLA leave (INT # 8);*

*(e) Because no Plaintiff has asserted a claim based on the average length of delay in the GDRTA's approval of FMLA leave (INT # 9);*

*(f) Because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for scheduled appointments only (INT # 10);*

*(g) To the extent it seeks information about stipulations or restrictions not applied to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint (INT ## 10-19);*

*(h) Because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of appointments per month and/or per period of approved FMLA leave (INT # 11);*

*(i) Because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of episodes or incidents per month and/or per period of leave (INT # 12);*

Claire Bushorn
April 6, 2012
Page 5

*(j) Because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of days per episode or incident (INT # 13);*

*(k) Because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of days per month and/or per period of leave (INT # 14);*

*(1) Because no Plaintiff has asserted a claim concerning any discipline imposed for taking unforeseeable FMLA leave (INT ## 15-19);*

*(m) To the extent it seeks information about discipline not imposed on Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the complaint (INT ## 15-19);*

*(n) To the extent it seeks information about FMLA requests by employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint (INT ## 20-21);*

*(o) Because no Plaintiff has asserted a claim concerning any discipline imposed for using provisionally approved FMLA leave (INT # 22, 23);*

*(p) To the extent is seeks information about discipline not issued to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint (INT # 22, 23);*

*(q) Because no Plaintiff has asserted a claim concerning any discipline received because he or she used approve FMLA leave (INT # 24);*

*(r) To the extent that it seeks information about employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint (INT ## 24-29);*

*(s) To the extent that it seeks information about forms and procedural requirements applied to employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint (INT # 30);*

*(t) To the extent that it seeks information outside of the applicable statutory time period to bring the claims alleged in the Complaint (INT # 31);*

*(u) To the extent that it seeks information about complaints or requests for FMLA leave not related to Plaintiffs' allegations in the Complaint (INT # 34);*

*(v) To the extent that it seeks information about policies, procedures and/or methods not applied to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint (INT # 39);*

*(w)To the extent that it seeks information about medical certifications submitted by employees other than the Plaintiffs or putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. (INT # 40).*

*"Discovery is not limited to the issues raised by pleading the merits of a case. Nor is it not relevant simply because it is outside the applicable limitations period, as noted above. The only requirement is that it be relevant to the*

Claire Bushorn
April 6, 2012
Page 6

*subject matter involved in the proceeding. The information sought by these interrogatories is relevant to the proceedings because it will assist in defining and/or clarifying the issues. Please withdraw these objections and provide the information requested."*

**RESPONSE:** Plaintiffs assertion that the "information sought . . . will assist in defining and/or clarifying the issues" is unexplained and insufficient. These interrogatories appear directed not at any asserted claim but, rather, to be a fishing expedition to attempt to identify unasserted claims. If Plaintiffs explain how a specific interrogatory is reasonably calculated to lead to the discovery of admissible evidence, GDRTA will reconsider its objection to such specific interrogatory. In any event, Defendants are making employees' FMLA files available for inspection and copying, which contain information responsive to these Interrogatories.

*"Defendants objected that INT ## 16-40 "exceeded the fifteen (15) collective Interrogatories" the parties agreed upon. Defendants do not point to any document which establishes that the parties agreed that the number of interrogatories which plaintiffs could serve is limited to 15. The parties' Rule 26(f) Report makes clear that the interrogatory limitation applies only to defendants. Yet even assuming that plaintiffs were subject to such a limitation, defendants have simply assumed without more that every interrogatory with subparts presents separate interrogatories. Plaintiffs disagree with defendants' application of an across-the-board rule. Please withdraw these objections and provide the information requested."*

**RESPONSE:** As reflected in the parties' Rule 26(f) Report, both parties agreed to limit the number of collective interrogatories to 15. As you know, the parties never discussed a one-sided limitation on the number of interrogatories that only applies to Defendants; nor does the parties' Rule 26(f) Report state that the parties agreed on such a one-sided limitation. Further, Defendants have not "assumed . . . that every interrogatory with subparts presents separate interrogatories. . . ." Rather, Fed. R. Civ. P. 33(a)(1) states that the limit on interrogatories includes "all discrete subparts." "The best test to determine whether subparts are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. If the question in the subpart can be answered independently of the 'primary' question, then it should be treated as a separate interrogatory." *Switch Commus. Group v. Ballard*, 2011 U.S. Dist. LEXIS 101526 (D. Nev. Sept. 7, 2011). Under that standard, Plaintiffs exceed the number of permissible interrogatories – even if allowed 25, per Rule 33(a)(1), rather than 15. Finally, in any event, Defendants have otherwise objected or responded to each of Plaintiffs' Interrogatories.

*"Defendants objected to INT ## 20, 24-29, 34, and 40 on the grounds that the interrogatories improperly attempt to shift the burden of identifying class members to defendants, in violation of Oppenheimer Fund, Inc. v. Sanders. Plaintiffs disagree, and do not read Oppenheimer so restrictively. Indeed, the Court has expressly allowed for such discovery by setting separate discovery*

Claire Bushorn
April 6, 2012
Page 7

> *deadlines for class allegations and general merits-based allegations. In any event, the interrogatories do not seek to identify the class, but rather seek relevant information on specific issues; for example, who was granted leave, who was disciplined under the absence control policy, who was required to obtain a second medical opinion, and so on. See e.g. INT # 20, 24, and 26. Please withdraw these objections and provide the information requested."*

**RESPONSE:** That the Court set separate discovery deadlines for class allegations and merits discovery does not mean the Court intended to ignore the U.S. Supreme Court, and permit Plaintiffs to shift the burden and expense of identifying putative class members to Defendants. And, discovery of "who" was disciplined, granted leave, etc., is also improper prior to class certification. *See e.g., Kernats v. COMCAST Corp.*, 2010 U.S. Dist. LEXIS 20276 (N.D. Ill. Jan 14, 2010). Regardless, without waiving any objections, GDRTA stated it will make the employees' FMLA files and discipline files available for inspection and copying. In order to respond to these Interrogatories, Defendants would have to individually sift through each of the employees' files. Therefore, to the extent Plaintiffs believe the interrogatories seek relevant information on specific issues (for example, who was granted leave, who was disciplined under the absence control policy, etc.), Plaintiffs can obtain that information for themselves with no more burden than Defendants.

> *"Defendants have generally asserted multiple objections to interrogatories. The summary statements above apply equally to any interrogatory to which defendants have interposed the objection. Therefore, plaintiffs will not reiterate each and every summary when addressing an interrogatory to which multiple objections have been raised."*

**RESPONSE:** Unless Plaintiffs explain how a particular objection is improper in relation to a particular interrogatory, Defendants cannot evaluate Plaintiffs' request that Defendants withdraw the objection.

> *"INT ## 1, 3: Defendants' responses are insufficient for the reasons stated above (the 'general response/ further specification' objection)."*

**RESPONSE:** See prior responses.

> *"INT # 2: The Instructions to Plaintiffs' Interrogatories state that unless otherwise specified, the interrogatories cover the time period July 20, 2008 to the present. Defendants' response to INT # 2 is insufficient because it addresses only GDRTA's current FMLA policy that went into effect in or around February 2010."*

**RESPONSE:** Subject to and without waiving any objections, upon information and belief, the prior version of GDRTA's FMLA policy went into effect in or around July 2003.

Claire Bushorn
April 6, 2012
Page 8

> *"INT # 6: Please be more specific as to the FMLA Regulations relied upon, by providing the appropriate citations."*

**RESPONSE:** Subject to and without waiving any objections, in determining whether medical certifications are complete and sufficient, GDRTA relies upon FMLA Regulations including but not limited to 29 CFR §§ 825.305 and 306.

> *"INT ## 10-19: Defendants objected, and did not respond, to these interrogatories. The objections should be withdrawn for the reasons stated in this letter, and answers provided. Please amend accordingly."*

**RESPONSE:** Defendants original responses are proper.

> *"INT # 29: Defendants stated that GDRTA has 'asked' employees to complete a Request for Family or Medical Leave form, but has not identified those employees as requested by the interrogatory."*

**RESPONSE:** The interrogatory does *not* request the identity of employees who were "asked" to complete a Request for Family or Medical Leave form. Rather, the interrogatory called for Defendants to "[i]dentify the individuals who [defendants] *required* to complete a Request for Family Leave Form before being allowed to obtain the medical certification form." (Emphasis added). As stated in Defendants' original response, "GDRTA does *not* require employees to complete a Request for Family or Medical Leave form before obtaining a medical certification." Accordingly, there is no one to identify.

> *"INT # 30: Defendants' response is insufficient because it does not identify the forms that must be completed or the other procedural requirements that must be complied with in seeking FMLA leave. To the extent the forms and procedures are set forth in GDRTA's FMLA Policy, defendants are required by Rule 33(d) to identify where, and if additional forms and/or procedures are involved, to identify those as well."*

**RESPONSE:** Procedures employees may be required to follow in seeking FMLA leave, depending upon the individual circumstances, are described throughout all nine pages of the FMLA policy, which was attached to Defendants' Answer as Exhibit B. As stated above, this Interrogatory cannot be answered in more detail without further specification of the individual circumstances of a particular employee's request for FMLA leave.

> *"INT # 31: Defendants' response is insufficient because it does not describe in any detail the training that GDRTA managers and human resources personnel received. Defendants' answer merely states that they were provided "training regarding its revised FMLA Policy, practices and procedures..." and identifies who attended. Similarly, the answer states only that Jean McEntarfer attended a variety of "FMLA training sessions for human resources personnel." More is required."*

Claire Bushorn
April 6, 2012
Page 9

**RESPONSE:** The interrogatory requested Defendants to "[d]escribe the training. . . ." It did not request the Defendants describe "in detail." Nevertheless, the training was described – including the topic and dates of training. With respect to training received by Ms. McEntarfer from outside sources, the name of the training sponsor was also provided. Defendants fully responded to the interrogatory.

> *"INT # 32: Defendants' response is insufficient because it does not address "how information.. .is maintained" and refers only to current employees. The interrogatory is not limited to current employees."*

**RESPONSE:** The information is maintained in the same manner for both current and former employees (*i.e.*, paper files). The only difference is the location of the records within GDRTA's facility, although all are maintained onsite.

> *"INT # 33: It appears that defendants may have misunderstood the interrogatory. The interrogatory asks defendants to 'describe any FMLA requirements waived by GDRTA' as to salaried/ executive personnel, i.e. are these people subject to the same requirements, policies, and procedures, or have any FMLA requirements been waived as to them such that they are not required to follow or comply with certain steps."*

**RESPONSE:** The original Interrogatory did not seek the information Plaintiffs are now requesting. Regardless, even as now recast, INT # 33 remains unduly burdensome, overly broad, vague and ambiguous. INT # 33 also continues to seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, the requirements and procedures applicable to a particular employee's request for FMLA leave depend upon the individual facts and circumstances, regardless of whether the employee is salaried, executive, or hourly. As stated previously, Defendants are not aware of a particular situation in which GDRTA has "waived" its rights under the FMLA because the request was made by salaried/executive personnel. However, depending upon the individual circumstances of a particular employee's request for FMLA leave (including a request by salaried or executive employees as well as hourly employees), GDRTA may or may not exercise all of its rights under FMLA Regulations.

> *"INT # 34: Defendants' response is evasive in that it seeks to limit the information that defendants are willing to disclose to grievance files from July 20, 2008 forward. But the interrogatory seeks information about employee complaints or allegations related to requests for FMLA leave in general, not just in the context of grievances. Further, the attempt to limit the time period is improper for the reasons stated above."*

**RESPONSE:** If a "complaint" did not result in a formal grievance, it would be found in the employee's FMLA file, and those files are being produced for inspection and copying. As stated, *supra*, these files will include "complaints" and other FMLA-related documents from prior to July 20, 2008.

Claire Bushorn
April 6, 2012
Page 10

> *"INT # 35: Defendants' response is incomplete. Defendants' response to RA # 9 states that "medical determination concerning whether an employee's health condition is FMLA-qualifying... [is] made by a health care provider who provides a medical opinion to the GDRTA." Defendants have not identified any health care providers in their answer to this interrogatory. Further, the attempt to limit the time period from July 20, 2008 instead of the requested period beginning January 1, 2006 is improper for the reasons stated above. Please amend accordingly."*

**RESPONSE:** Defendants' response is not incomplete, nor inconsistent with the response to RA #9. Interrogatory 35 asks for the "name, title, address and telephone number of any and all persons responsible for the review, granting, denial, and administration of FMLA leave *for GDRTA*. . . ." No health care provider is responsive to that request. Defendants' response to RA #9 merely pointed out that health care providers (either the employees' health care provider or a second or third opinion health care provider, none of whom are employees of GDRTA) determine whether an employee's health condition is FMLA qualifying. But such health care providers do not "review[], grant[], den[y], [or] administ[er] . . . FMLA for GDRTA."

> *"INT # 38: Defendants' response is insufficient, incomplete, and evasive. Defendants' response makes no reference whatsoever as to its policies and procedures for identifying and determining whether an employee who has requested leave is eligible. A vague reference to the FMLA Regulations, the FMLA Policy, and so on is insufficient. Please provide more specific references."*

**RESPONSE:** Defendants make *specific* reference to GDRTA's policies, expressly referring Plaintiffs' to GDRTA's FMLA policy, which was attached to Defendants' Answer as Exhibit B. The "vague" response, as you call it, is as detailed as possible given the "vague" question. If Plaintiffs can be more specific with what they are asking, Defendants may be able to be more specific in responding.

> *"INT # 40: Defendants' response is insufficient, incomplete, and evasive. Defendants have not identified any medical certifications that they deemed to be invalid or inauthentic, nor have they stated the bases or identified other documents/evidence that supports their assertion or contention. For the reasons stated above, simply referring plaintiffs to unidentified FMLA files is not enough."*

**RESPONSE:** As set forth above, in order to identify every medical certification that was determined to be invalid or inauthentic, Defendants would have to individually sift through each employee's FMLA file. The burden of sifting through the files and deriving or ascertaining this information is substantially the same for Plaintiffs as it would be for Defendants.

## II.  Defendants' Response to Request for Documents.

> *"Defendants did not produce any documents; rather, they stated for virtually all document requests (but for DR ## 6, 13, 18, 25) that they will make "relevant*

Claire Bushorn
April 6, 2012
Page 11

> and responsive documents identified by Defendants had dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time."

> Plaintiffs believe that defendants should have produced documents with their written responses. We can discuss when, where, and how, the production will occur when we discuss this letter. For example, the responses are not clear as to how the production will be made. Will defendants be producing the documents as kept in the ordinary course of business, or will they be organized and labeled to correspond to the categories in the requests? Please amend accordingly."

**RESPONSE:** Defendants anticipate making approximately 40 bankers' boxes of documents available for inspection and copying. These documents will include the employees' FMLA files and discipline files (as well as former employees terminated after July 20, 2008), and the personnel files of the named Plaintiffs. These files will be produced as they are maintained in the ordinary course of business. They will be made available after Defendants' counsel completes a privilege review, which has required the commitment of significant time and resources due to the scope of Plaintiffs' requests. Defendants estimate this review can be completed within approximately 14 to 21 days. Documents will be made available for inspection and copying at the offices of Defendants' counsel, 65 East State St., Suite 2100, Columbus, Ohio, 43215. If Plaintiffs prefer to receive copies of all documents, rather than reviewing to determine which they want, Defendants will ship copies to a location of Plaintiffs' choosing upon receipt of payment in advance for copying and shipping costs. Defendants will provide an estimate of the costs upon request.

> "As for relevance, defendants must produce all non-privileged documents that are responsive. It is not incumbent on defendants to decide what, in their estimation, is "relevant" and to limit production accordingly. Relevance is for the Court to decide."

**RESPONSE:** Defendants cannot agree to produce documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants are not obligated to produce such documents under Fed. R. Civ. P. 26. However, subject to any objections, Defendants have agreed to make employees' FMLA files and discipline files available for inspection and copying as those files are kept in the ordinary course of business, and do not intend to withhold documents from these files based on relevance objections.

> "The Instructions to Plaintiffs' Document Requests state that unless otherwise specified, the interrogatories cover the time period July 20, 2008 to the present. For the reasons stated in § I above, to the extent defendants attempt to impose the same time-frame to document requests that go back farther (i.e. DR## 5, 9, 10, 31, 33, 34, 36), please withdraw the objection and produce documents for the requested time period."

Claire Bushorn
April 6, 2012
Page 12

**RESPONSE:** As stated above, GDRTA is making the employees' FMLA files and discipline files available for inspection and copying as they are maintained in the ordinary course of business, including any documents from prior to July 20, 2008.

> *"Defendants stated in response to DR## 1, 7, 8, 11, 28-30, 34-37, and 39-51 that the production is subject to a protective order. Defendants have not stated any reason why a protective order is appropriate or would be necessary. Please produce the documents."*

**RESPONSE:**  See response on this same issue with respect to interrogatories.

> *"Defendants' responses to DR# 7-11, 14, 15, 28-30, 34-37, and 39-51 seek to unilaterally imposed a limitation on the types of documents that defendants will produce, instead of producing what the document requests specifically ask for, as well as the sources from which those documents will come. For example, defendants' response to DR# 7 states that they "will make documents from employees' FMLA flies ... available." But the request seeks more. Defendants are required to produce all responsive, non-privileged documents regardless of where they are located - not just select documents or documents from the employees' FMLA flies."*

**RESPONSE:** Defendants properly objected to these Requests, including but not limited to Defendants' objections that these Requests are overly broad and unduly burdensome. As stated above, Defendants are making approximately 40 bankers' boxes of documents available for inspection and copying. Relevant and responsive documents should be located within these files. Defendants' responses expressly stated that other responsive documents will be made available for inspection and copying with respect to RFPs 10, 14, and 28-29. Subject to any objections, Defendants will conduct a reasonable search for other documents responsive to Plaintiffs' Requests and relevant to the allegations of the named Plaintiffs, and will make those documents available for inspection and copying. Defendants will provide a proposed list of search terms for purposes of gathering relevant and responsive ESI.

> *"Defendants have refused to produce any documents in response to DR## 16, 17, 27, 32, 52, and 53. Please amend and produce."*

**RESPONSE:** With respect to RFP #16, as stated above, Defendants will make available for inspection and copying the complete personnel file of each named plaintiff. The request for the complete personnel file of every employee who has requested FMLA leave (RFP #17), is completely improper for the reasons originally stated, and Defendants stand on their objections.

With respect to RFP # 27, Defendants properly objected to the scope of this Request. Responsive documents related to individual employees' requests for FMLA leave

Claire Bushorn
April 6, 2012
Page 13

would be contained in the employees' FMLA files, which will be made available for inspection and copying at a mutually agreeable time. Subject to and without waiving any objections, Defendants will make other relevant and responsive materials available for inspection and copying at a mutually agreeable time.

With respect to RFP #32, Defendants' collective bargaining agreements may describe some of GDRTA's policies, practices, and procedures concerning the FMLA. Defendants will make collective bargaining agreements available for inspection and copying at a mutually agreeable time. Defendants' Absence Control Policy, which was attached to the Answer as Exhibit C, may also describe some of GDRTA's policies, practices, and procedures concerning the FMLA. Any other responsive documents will also be made available for inspection and copying at a mutually agreeable time.

With respect to RFP #52, as stated above, Defendants are making employees' FMLA files and discipline files available for inspection and copying, from which the information may be derived as easily by Plaintiffs as by Defendants.

> *"Defendants' responses to DR ## 18-24 are unresponsive and evasive. Defendants' statement that they "rely on the individual facts and circumstances (including the employee's medical certification and any other pertinent information), FMLA Regulations, 29 C.P.R. 825, and the FMLA Opinion Letters issued by the Department of Labor" is essentially an "interrogatory" answer, not a response to a document requests. Defendants are required to state whether they are in possession, custody, or control of responsive documents and, if so, that they will be produced. To the extent defendants have relied on FMLA Regulations, Opinion Letters, and "other pertinent information," they must identify it. Please amend and produce."*

**RESPONSE:** Defendants are unsure what these Requests mean; however, Defendants properly referred Plaintiffs to GDRTA's FMLA policy. Defendants referenced FMLA regulations and DOL Opinion Letters to avoid the misimpression that only GDRTA's FMLA policy is ever involved in evaluating a particular request for FMLA leave. Other documents relied upon in evaluating employees' requests for FMLA leave are located in the employees' FMLA files, which are being made available for inspection and copying.

> *"Defendants objected to DR ## 5, 7-10, 11, 15-17, 25-31, 33, 34, 36-40, 45-53 either in whole or in part on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks documents not involving plaintiffs or a putative class member with the applicable statutory time period to bring the claims alleged in the Complaint. For all the reasons stated above, these objections should be withdrawn and documents produced."*

**RESPONSE:** For all the reasons stated above, except as modified above, Defendants stand on their objections. However, as stated above, Defendants are making

Claire Bushorn
April 6, 2012
Page 14

employees' FMLA files and discipline files available for inspection and copying. These files should contain documents responsive to Plaintiffs' Requests.

### III. Defendants' Responses to Requests to Admit.

*"Defendants answer to RA ## 16, 17, 24 do not respond to the admission posed. For example, RA # 24 asks defendants to admit that "you have in at least one instance directly contacted an employee's health care provider to obtain information about the employee's serious health condition." Defendants admit that in at least one instance, a representative "has contacted the employee's health care provider to understand the handwriting on the medical certification or to understand the meaning of the response. Neither of the examples given are responsive to what is asked in the request to admit, i.e. "to obtain information about the employee's serious health condition." Please amend these requests to admit."*

**RESPONSE:** Defendants properly objected to these Requests because they are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. These Requests do not relate to any of the allegations of the named Plaintiffs. Defendants reiterate these objections. Nonetheless, subject to objections, Defendants properly responded to these Requests. For example, with respect to RA # 24, Defendants are unsure whether contacting an employee's health care provider to understand the meaning of a response on the employee's medical certification constitutes "obtain[ing] information about the employee's serious health condition." Subject to any objections, Defendants further admit that in at least one instance, after giving the employee an opportunity to cure any deficiencies in her medical certification, a leave administrator or human resources professional has contacted the employee's health care provider to understand the writing on the medical certification concerning information about the employee's serious health condition or to understand the meaning of a response concerning the employee's serious health condition. Defendants deny any remaining allegations in Request No. 24.

Similarly, with respect to RA # 17, Defendants further admit that in at least one instance, GDRTA has requested that an employee sign an Authorization for Release of Health Information after giving the employee an opportunity to cure any deficiencies in her medical certification so that a leave administrator or human resources professional could contact the health care provider to understand the writing on the medical certification concerning the employee's medical information or to understand the meaning of a response concerning the employee's medical information. Defendants deny any remaining allegations in Request No. 17.

Sincerely,

Rodger L. Eckelberry

cc:    Counsel of Record

**EXHIBIT 1F**

**William Leathem**

| | |
|---|---|
| **From:** | Eckelberry, Rodger [REckelberry@bakerlaw.com] |
| **Sent:** | Monday, April 23, 2012 5:41 PM |
| **To:** | David Cook; William Leathem; Roberts, Matthew L.; Whitcomb, David |
| **Cc:** | Claire Bushorn; Jennie Arnold |
| **Subject:** | RE: Wilkinson |

Unfortunately, yes. We would have preferred to review them electronically as well, rather than having a group of attorneys sequestered in a conference room for a few weeks. But as they only exist in paper we had to suffer through.

---

**From:** David Cook [mailto:DCook@econjustice.com]
**Sent:** Monday, April 23, 2012 6:38 PM
**To:** Eckelberry, Rodger; William Leathem; Roberts, Matthew L.; Whitcomb, David
**Cc:** Claire Bushorn; Jennie Arnold
**Subject:** Re: Wilkinson

Rodger, all of the documents have been Bates numbered, indicating they are likely to have been stored electronically. If so, they're capable of being produced in electronic format. Are we wrong about that?

*David M. Cook*
Cook, Portune & Logothetis, LLC
22 West 9th Street
Cincinnati, Ohio 45202
513.287.6980 - direct dial
513.721.0444 - office
513.721.1178 - fax
dcook@econjustice.com
*www.employmentjusticelaw.com*

This message may contain confidential information and communications subject to the attorney-client privilege. If this message has been received by anyone other than the intended recipient by error, please deliver it to the intended recipient as soon as possible, and destroy this message. Should you have any questions, please contact me at the address and number listed above.

UnderIRS rules of practice, we inform you that any federal tax advice contained in this writing, unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding tax-related penalties or (2) promoting, marketing or recommending to another party any tax-related transaction(s) or matter(s) addressed herein

*Be kinder than necessary, for everyone you meet is fighting some kind of battle. Kindness is the language the blind can see and the deaf can hear.*

**From:** <Eckelberry>, Rodger <REckelberry@bakerlaw.com>
**To:** William Leathem <WLeathem@jbosh.com>, "Roberts, Matthew L." <mroberts@bakerlaw.com>, "Whitcomb, David" <DWhitcomb@bakerlaw.com>
**Cc:** David Cook <dcook@econjustice.com>, Claire Bushorn <CBushorn@econjustice.com>, Jennie Arnold <jarnold@econjustice.com>
**Subject:** RE: Wilkinson

William,

With respect to item 1, those documents that exist in electronic format we will produce electronically. Whether they are searchable depends upon the file type (i.e., word documents are searchable, .pdf are not typically searchable if they are scanned documents unless they are OCRd). We will produce electronic documents as they exist at GDRTA. Documents that do not exist electronically (e.g., the FMLA files and discipline files) will be produced as they are kept in the ordinary course of business – in paper format. We cannot produce to you what we do not have, and we do not have these in electronic format.

With respect to item 2, we will provide formal supplemental/amended responses to the discovery requests GDRTA intends to supplement/amend by May 7.

Regards,

Rodger



| My Bio | Web site | V-card |
|--------|----------|--------|

T 614.462.5189
F 614.462.2616
M 614.264.3871
www.bakerlaw.com

**Rodger Eckelberry**
REckelberry@bakerlaw.com

Baker & Hostetler LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio 43215-4260

Baker Hostetler

---

**From:** William Leathem [mailto:WLeathem@jbosh.com]
**Sent:** Monday, April 23, 2012 6:25 PM
**To:** Eckelberry, Rodger; Roberts, Matthew L.; Whitcomb, David
**Cc:** David Cook; Claire Bushorn; Jennie Arnold
**Subject:** Wilkinson

Gentlemen:

As a follow-up to today's Rule 37 conference, I am requesting:

(1) That the documents be produced in electronic format, i.e. on either CD, DVD, or thumb-drive, and that the format be searchable.

(2) That Defendants provide formal supplemental/amended responses to the interrogatories and document requests that they intend to supplement/amend. Also, I would like the formal supplemental/amended responses by May 7, 2012 (which is 14 days).

William W. Leathem
Jacobs Burns Orlove & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(T) (312) 327-3446
(F) (312) 580-7175

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

**EXHIBIT 1G**

**William Leathem**

| | |
|---|---|
| **From:** | William Leathem |
| **Sent:** | Tuesday, May 08, 2012 2:08 PM |
| **To:** | 'Eckelberry, Rodger'; Roberts, Matthew L.; Whitcomb, David |
| **Cc:** | David Cook; Claire Bushorn; Jennie Arnold |
| **Subject:** | RE: Wilkinson |

Gentlemen:

With respect to ¶ 2 below, I have not received the supplemental/amended discovery responses. Let me know if they were mailed and, if so, please provide a courtesy copy electronically. Thanks.

William W. Leathem
Jacobs Burns Orlove & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(T) (312) 327-3446
(F) (312) 580-7175

**From:** Eckelberry, Rodger [mailto:REckelberry@bakerlaw.com]
**Sent:** Monday, April 23, 2012 5:36 PM
**To:** William Leathem; Roberts, Matthew L.; Whitcomb, David
**Cc:** David Cook; Claire Bushorn; Jennie Arnold
**Subject:** RE: Wilkinson

William,

With respect to item 1, those documents that exist in electronic format we will produce electronically. Whether they are searchable depends upon the file type (i.e., word documents are searchable, .pdf are not typically searchable if they are scanned documents unless they are OCRd). We will produce electronic documents as they exist at GDRTA. Documents that do not exist electronically (e.g., the FMLA files and discipline files) will be produced as they are kept in the ordinary course of business – in paper format. We cannot produce to you what we do not have, and we do not have these in electronic format.

With respect to item 2, we will provide formal supplemental/amended responses to the discovery requests GDRTA intends to supplement/amend by May 7.

Regards,

Rodger

| My Bio | Web site | V-card |
|---|---|---|

T 614.462.5189
F 614.462.2616
M 614.264.3871
www.bakerlaw.com

Rodger Eckelberry
REckelberry@bakerlaw.com

Baker & Hostetler LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio 43215-4260

1



**From:** William Leathem [mailto:WLeathem@jbosh.com]
**Sent:** Monday, April 23, 2012 6:25 PM
**To:** Eckelberry, Rodger; Roberts, Matthew L.; Whitcomb, David
**Cc:** David Cook; Claire Bushorn; Jennie Arnold
**Subject:** Wilkinson

Gentlemen:

As a follow-up to today's Rule 37 conference, I am requesting:

(1) That the documents be produced in electronic format, i.e. on either CD, DVD, or thumb-drive, and that the format be searchable.
(2) That Defendants provide formal supplemental/amended responses to the interrogatories and document requests that they intend to supplement/amend. Also, I would like the formal supplemental/amended responses by May 7, 2012 (which is 14 days).

William W. Leathem
Jacobs Burns Orlove & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(T) (312) 327-3446
(F) (312) 580-7175

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

# EXHIBIT 1H

**William Leathem**

| | |
|---|---|
| **From:** | William Leathem |
| **Sent:** | Thursday, May 10, 2012 12:16 PM |
| **To:** | 'Roberts, Matthew L.'; Whitcomb, David |
| **Cc:** | David Cook; Claire Bushorn; Jennie Arnold |
| **Subject:** | RE: Wilkinson - Draft Agreed Protective Order |

I would like to know where we agree and disagree so I can be better be prepared for the discussion.

William W. Leathem
Jacobs Burns Orlove & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(T) (312) 327-3446
(F) (312) 580-7175

---

**From:** Roberts, Matthew L. [mailto:mroberts@bakerlaw.com]
**Sent:** Thursday, May 10, 2012 12:04 PM
**To:** William Leathem; Whitcomb, David
**Cc:** David Cook; Claire Bushorn; Jennie Arnold
**Subject:** RE: Wilkinson - Draft Agreed Protective Order

William,

We think it makes the most sense to jump on a quick telephone call and talk through our issues before circulating another draft.  Let us know if you have any time available this week.

Matt

---

**From:** William Leathem [mailto:WLeathem@jbosh.com]
**Sent:** Thursday, May 10, 2012 12:33 PM
**To:** Roberts, Matthew L.; Whitcomb, David
**Cc:** David Cook; Claire Bushorn; Jennie Arnold
**Subject:** RE: Wilkinson - Draft Agreed Protective Order

Matt:

        Are you sending an updated redlined version that incorporates what you agree to and indicates(redlines) what you want to talk about?

William W. Leathem
Jacobs Burns Orlove & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(T) (312) 327-3446
(F) (312) 580-7175

---

**From:** Roberts, Matthew L. [mailto:mroberts@bakerlaw.com]
**Sent:** Friday, May 04, 2012 4:36 PM
**To:** William Leathem

1

**Cc:** Whitcomb, David
**Subject:** RE: Wilkinson - Draft Agreed Protective Order

William,

We've had a chance to review your suggested changes to the proposed protective order, and are agreeable to a number of your changes. We still have a few areas that we would like to discuss, and I think if we have a telephone call early next week we can work through those issues. Let me know your availability on Monday or Tuesday afternoon.

Matt

---

**From:** William Leathem [mailto:WLeathem@jbosh.com]
**Sent:** Thursday, May 03, 2012 12:49 PM
**To:** Roberts, Matthew L.; Eckelberry, Rodger; Guttman, Dan; Whitcomb, David
**Cc:** David Cook; Claire Bushorn; Jennie Arnold
**Subject:** Wilkinson - Draft Agreed Protective Order

Gentlemen:

      Here are my redlined comments to the proposed Agreed Protective Order.

William W. Leathem
Jacobs Burns Orlove & Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(T) (312) 327-3446
(F) (312) 580-7175

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

---

This email has been scanned by the Symantec Email Security.cloud service.

For more information please visit http://www.symanteccloud.com

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com