**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| Michele Wilkinson, *et al.*,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Greater Dayton Regional Transit Authority, *et al.*,<br><br>        Defendants. | CASE NO. 3:11-CV-247<br><br>JUDGE RICE |

## DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants Greater Dayton Regional Transit Authority ("GDRTA") and Jean McEntarfer (collectively "Defendants") submit the following objections and answers to Plaintiffs' First Set of Interrogatories:

1.    Defendants object to the instructions and definitions in Plaintiffs' First Set of Interrogatories to the extent they seek to expand Defendants' obligations under or are contrary to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Ohio.

2.    Defendants object to Plaintiffs' First Set of Interrogatories to the extent they incorporate defined and undefined terms that are vague, ambiguous, or overreaching.

3.    Defendants object to Plaintiffs' First Set of Interrogatories to the extent they contain legal conclusions or characterize certain information or ideas as undisputed fact.

4.    Neither the fact that Defendants respond to any Interrogatory nor the responses themselves constitute an admission or acknowledgment that the Interrogatory is proper, that any characterizations contained in it are true or accurate, that the information sought is within the proper bounds of discovery, or that other requests for information will be treated in a similar fashion.

5. Defendants' responses to Plaintiffs' First Set of Interrogatories are subject to Defendants' continuing and ongoing discovery, and Defendants reserve the right to modify or supplement their responses.

6. Defendants object to producing information that is contained in electronically stored information ("ESI") to the extent it seeks information or documents other than in accordance with an ESI Protocol adopted by the Court in the Preliminary Pretrial Order.

7. Defendants object to searching for or producing information or documents contained in ESI that are not reasonably accessible because of undue burden or cost.

8. Defendants object to providing information that is not applicable to the statutory time period to bring the claims alleged in the Complaint.

9. Defendants object to Plaintiffs' First Set of Interrogatories to the extent an Interrogatory calls for a narrative response more suitable for a deposition.

10. Defendants object to Plaintiffs' First Set of Interrogatories to the extent an Interrogatory seeks information about individual employees that is protected, in whole or in part, by Federal and State privacy laws restricting the use and dissemination of information about individuals, and to the extent an Interrogatory seeks other private, sensitive, or personally identifiable information concerning individuals who are not parties to this lawsuit.

11. Defendants object to Plaintiffs' First Set of Interrogatories to the extent an Interrogatory reflects an improper attempt to shift Plaintiffs' burden of identifying putative class members to Defendants. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-57, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

12. In addition to the specific objections and responses made below, each response is made subject to and without waiver of each of the general objections above.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

1.    Please provide the following information in detail, regarding the policies, procedures, or practices that GDRTA employees must follow in applying for leave under the FMLA:

a.    The manner in which employees are informed of GDRTA's FMLA policies and procedures;

**RESPONSE:**

Defendants object to this Interrogatory as overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33.

Subject to and without waiving any objections, Defendants state that the GDRTA initially informs its employees of its FMLA policies and procedures by giving new employees a copy of its FMLA Policy when they are hired.  The GDRTA also mailed its revised FMLA Policy and supporting documents to all employees in or about January 2010.  In addition, the GDRTA posts its FMLA policy on its bulletin boards and on the Company intranet.  As a unionized employer, the GDRTA also informed its organized employees about FMLA policies and procedures through their designated union representatives as required by law.  The GDRTA may also discuss FMLA policies and procedures with employees depending on individual circumstances.

**INTERROGATORY NO. 2:**

1.    Please provide the following information in detail, regarding the policies, procedures, or practices that GDRTA employees must follow in applying for leave under the FMLA:

b.    How long these policies and procedures have been in effect;

**RESPONSE:**

Defendants object to this Interrogatory as overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33.  Subject to and without waiving any objections, Defendants state that the GDRTA's current FMLA Policy went into effect in or around February 2010.

3

**INTERROGATORY NO. 3:**

1.    Please provide the following information in detail, regarding the policies, procedures, or practices that GDRTA employees must follow in applying for leave under the FMLA:

c.    Procedures used by you when you receive a request from a GDRTA employee for FMLA leave;

**RESPONSE:**

Defendants object to this Interrogatory as overly broad, vague and ambiguous. Defendants specifically object that this Interrogatory seeks a general response concerning all the procedures employed by the GDRTA anytime an employee requests FMLA leave, even though such procedures may depend upon the individual facts and circumstances of each employee's request. Defendants object that further specification of the individual circumstances at issue is required in order to respond to this Interrogatory. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33.

Subject to and without waiving any objections, Defendants state that the procedures used when an employee requests FMLA leave depend on the individual facts and circumstances of the employee's request. For example, such procedures could depend upon whether that the employee is eligible for FMLA leave, what type of leave is requested, how much leave is requested, whether the employee requests intermittent leave or leave of a fixed duration, whether the employee has already been approved for leave, and whether the employee has provided medical documentation concerning the request for leave. Based on individual facts and circumstances, the GDRTA determines how to proceed in considering each employee's unique request for FMLA leave consistent with FMLA Regulations and the GDRTA's FMLA Policy. The GDRTA's FMLA Policy (attached as Exhibit B to Defendants' Answer) provides additional information regarding the procedures the GDRTA follows after receiving an employee's request for FMLA.

**INTERROGATORY NO. 4:**

1.    Please provide the following information in detail, regarding the policies, procedures, or practices that GDRTA employees must follow in applying for leave under the FMLA:

d.    Length of time it takes for a GDRTA employee to receive an FMLA packet after they request it from you;

4

**RESPONSE:**

Defendants object to this Interrogatory as overly broad, vague and ambiguous. Defendants object that this Interrogatory seeks a general response concerning the time it takes for an employee to receive an FMLA packet, even though this may depend upon the individual facts and circumstances of the employee's request. Defendants object that further specification of the individual circumstances at issue is required in order to respond to this Interrogatory. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Defendants also object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim based on the length of time to receive an FMLA packet.

Subject to and without waiving any objections, Defendants are unsure what an FMLA packet is. The length of time it takes for a GDRTA employee to receive FMLA application paperwork after they request FMLA leave depends on the individual facts and circumstances of the request. The GDRTA generally mails FMLA documents as soon as practicable to employees who request FMLA leave. When employees request FMLA leave in person, on some occasions, the GDRTA may immediately provide them with FMLA documents by hand delivery. Further, The GDRTA's FMLA Policy (attached as Exhibit B to Defendants' Answer) provides additional information regarding the procedures the GDRTA follows after receiving an employee's request for FMLA.

**INTERROGATORY NO. 5:**

1.    Please provide the following information in detail, regarding the policies, procedures, or practices that GDRTA employees must follow in applying for leave under the FMLA:

e.    Method used to verify when GDRTA employees receive an FMLA packet for the purpose of calculating their deadlines for submitting the FMLA application and the FMLA medical certification, respectively;

**RESPONSE:**

Defendants object to this Interrogatory as overly broad, vague, and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim based on the method used to verify when GDRTA receive an FMLA packet.

Subject to and without waiving any objections, Defendants state that the GDRTA's methods for calculating a deadline for employees to return a medical certification depend upon the individual

5

facts and circumstances. The GDRTA generally ensures that employees receive at least fifteen days to submit a medical certification from their health care provider. If the medical certification is sent by mail, the GDRTA provides the employee with more time to return the certification to account for mailing time, including additional days for holidays, Sundays, or any other days when the post office is closed. The GDRTA's FMLA Policy (attached as Exhibit B to Defendants' Answer) provides additional information regarding the procedures the GDRTA follows after receiving an employee's request for FMLA.

**INTERROGATORY NO. 6:**

1.     Please provide the following information in detail, regarding the policies, procedures, or practices that GDRTA employees must follow in applying for leave under the FMLA:

f.     Criteria you use in determining whether a medical certification is complete and sufficient;

**RESPONSE:**

Defendants object to this Interrogatory as overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Subject to and without waiving any objections, Defendants state that the criteria used to determine whether a particular medical certification is complete and sufficient are based upon FMLA Regulations, including whether or not all the applicable entries on the medical certification are complete, and whether the entries are legible and understandable based on the individual facts and circumstances.

**INTERROGATORY NO. 7:**

1.     Please provide the following information in detail, regarding the policies, procedures, or practices that GDRTA employees must follow in applying for leave under the FMLA:

g.     In cases where you find a medical certification to be incomplete and/or insufficient, whether the employee is notified as to what information their health care provider must provide;

**RESPONSE:**

Defendants object to this Interrogatory as overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about policies, procedures, or practices not alleged by Plaintiffs to be unlawful.

Subject to and without waiving any objections, Defendants state that when GDRTA determines that an employee has submitted an incomplete or insufficient certification, the GDRTA notifies the employee of what additional information is necessary to make the certification complete and sufficient.

**INTERROGATORY NO. 8:**

1.    Please provide the following information in detail, regarding the policies, procedures, or practices that GDRTA employees must follow in applying for leave under the FMLA:

h.    The average length of time it takes GDRTA Human Resources to approve or deny an application for FMLA leave from the time an employee submits all the required documentation;

**RESPONSE:**

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Defendants further object that this Interrogatory seeks to impose obligations upon Defendants inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure in that it would require Defendants to compile and analyze data. Defendants also object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim regarding the average length of time for the GDRTA to approve or deny an application for FMLA leave.

Subject to and without waiving any objections, Defendants state that the amount of time it takes to approve or deny an application for FMLA leave varies depending upon the individual circumstances. In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state that additional information responsive to this Interrogatory may be derived or ascertained from the FMLA files of individual employees and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Subject to the entry of a

protective order, Defendants will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

**INTERROGATORY NO. 9:**

1.  Please provide the following information in detail, regarding the policies, procedures, or practices that GDRTA employees must follow in applying for leave under the FMLA:

    i.  In the case where the approval or denial of an application for FMLA is delayed, state the average length of such delay and factors that would or could have caused it.

**RESPONSE:**

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Defendants further object that this Interrogatory seeks to impose obligations upon Defendants inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure in that it would require Defendants to compile and analyze data. Defendants also object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim based on the average length of delay in the GDRTA's approval of FMLA leave.

Subject to and without waiving any objections, Defendants state that the amount of time it takes to approve or deny an application for FMLA leave from the time an employee submits all the required documentation varies depending upon the individual facts and circumstances. In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state that additional information responsive to this Interrogatory may be derived or ascertained from the FMLA files of individual employees and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Subject to the entry of a protective order, Defendants will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

**INTERROGATORY NO. 10:**

2.  State whether GDRTA has placed any of the below stipulations or restrictions on the approval of an application for FMLA leave and, if so, describe in detail the criteria GDRTA uses when it decides to place such a stipulation or restriction on its approval of FMLA leave:

    a.  Approval of leave for scheduled appointments only;

8

**RESPONSE:**

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for scheduled appointments only. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about stipulations or restrictions not applied to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

**INTERROGATORY NO. 11:**

2.    State whether GDRTA has placed any of the below stipulations or restrictions on the approval of an application for FMLA leave and, if so, describe in detail the criteria GDRTA uses when it decides to place such a stipulation or restriction on its approval of FMLA leave:

b.    Approval of leave for a pre-determined number of appointments per month and/or per period of approved FMLA leave;

**RESPONSE:**

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of appointments per month and/or per period of approved FMLA leave. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about stipulations or restrictions not applied to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

**INTERROGATORY NO. 12:**

2.    State whether GDRTA has placed any of the below stipulations or restrictions on the approval of an application for FMLA leave and, if so, describe in detail the criteria GDRTA uses when it decides to place such a stipulation or restriction on its approval of FMLA leave:

c.     Approval of leave for a pre-determined number of episodes or incidents

per month and/or per period of approved FMLA leave;

**RESPONSE:**

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of episodes or incidents per month and/or per period of leave. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about stipulations or restrictions not applied to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

**INTERROGATORY NO. 13:**

2.     State whether GDRTA has placed any of the below stipulations or restrictions on the

approval of an application for FMLA leave and, if so, describe in detail the criteria GDRTA uses

when it decides to place such a stipulation or restriction on its approval of FMLA leave:

d.     Approval of leave for a pre-determined number of days per episode or incident;

**RESPONSE:**

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of days per episode or incident. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about stipulations or restrictions not applied to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

10

**INTERROGATORY NO. 14:**

2.    State whether GDRTA has placed any of the below stipulations or restrictions on the approval of an application for FMLA leave and, if so, describe in detail the criteria GDRTA uses when it decides to place such a stipulation or restriction on its approval of FMLA leave:

e.    Approval of leave for a pre-determined number of days per month and/or per period of approved FMLA leave.

**RESPONSE:**

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning the GDRTA's approval of leave for a pre-determined number of days per month and/or per period of leave.  Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about stipulations or restrictions not applied to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

**INTERROGATORY NO. 15:**

3.    Describe the potential discipline that can be, and the discipline that has been, imposed on a GDRTA employee for each of the following acts:

a.    Taking unforeseeable leave for a qualifying serious health condition suffered by the employee or the employee's spouse, son or daughter, or parent, known to the immediate supervisor during the time in which an FMLA application is pending;

**RESPONSE:**

Defendants object to this Interrogatory as vague and ambiguous. Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning any discipline imposed for taking unforeseeable FMLA leave. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about discipline not imposed on Plaintiffs

11

or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

**INTERROGATORY NO. 16:**

3.     Describe the potential discipline that can be, and the discipline that has been, imposed on a GDRTA employee for each of the following acts:

b.     Taking unforeseeable leave for a qualifying serious health condition suffered by the employee or the employee's spouse, son or daughter, or parent, known to the immediate supervisor during a time when there was no FMLA application pending;

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants also object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous.  Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning any discipline imposed for taking unforeseeable FMLA leave.  Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about discipline not imposed on Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

**INTERROGATORY NO. 17:**

3.     Describe the potential discipline that can be, and the discipline that has been, imposed on a GDRTA employee for each of the following acts:

c.     Taking unforeseeable leave for a qualifying serious health condition suffered by the employee or the employee's spouse, son or daughter, or parent, not known to the immediate supervisor at the time, but later verified as a serious health condition, and during a time when there was no FMLA application pending;

12

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning any discipline imposed for taking unforeseeable FMLA leave. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about discipline not imposed on Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

**INTERROGATORY NO. 18:**

3.    Describe the potential discipline that can be, and the discipline that has been, imposed on a GDRTA employee for each of the following acts:

d.    Taking unforeseeable leave for a qualifying serious health condition suffered by the employee or the employee's spouse, son or daughter, or parent, known to the immediate supervisor after the employees FMLA application was approved, but without receiving prior approval from the supervisor;

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants also object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants specifically object that this Interrogatory appears to seek a general response concerning potential discipline that could be imposed to employees, even though the issuance of discipline depends upon the individual attendance record of each employee and whether they meet the necessary requirements for receiving FMLA leave under FMLA Regulations and the GDRTA's FMLA Policy. Defendants object that further specification of the individual circumstances at issue is required in order to respond to this Interrogatory.

Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning any discipline imposed for taking unforeseeable FMLA leave. Further,

Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about discipline not imposed on Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

## INTERROGATORY NO. 19:

3.    Describe the potential discipline that can be, and the discipline that has been, imposed on a GDRTA employee for each of the following acts:

e.    Taking unforeseeable leave for a qualifying serious health condition suffered by the employee or the employee's spouse, son or daughter, or parent, known to the immediate supervisor after the employees FMLA application was approved, but failing to abide by the stipulations or restrictions included in the FMLA approval notice.

## RESPONSE:

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants also object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants specifically object that this Interrogatory appears to seek a general response concerning potential discipline that could be imposed to employees, even though the issuance of discipline depends upon the individual attendance record of each employee and whether they meet the necessary requirements for receiving FMLA leave under FMLA Regulations and the GDRTA's FMLA Policy. Defendants object that further specification of the individual circumstances at issue is required in order to respond to this Interrogatory.

Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning any discipline imposed for taking unforeseeable FMLA leave. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about discipline not imposed on Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

**INTERROGATORY NO. 20:**

4.     For the period January 1, 2006 to the present, provide the following information:

a.     Identify the individuals who requested FMLA leave and were granted FMLA leave, and for each individual state: (a) the date FMLA leave was requested; (b) the medical condition for which the leave was requested; (c) the duration of the leave requested; (d) the date the leave was granted or approved; and (d) the duration of the leave granted or approved.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as unduly burdensome and overly broad. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about FMLA requests by employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Defendants further object to the level of information sought by this Interrogatory as exceeding the scope of Defendants' obligations under Fed. R. Civ. P. 33.

Defendants further object to this Interrogatory because it is an improper attempt to shift Plaintiffs' burden of identifying putative class members to Defendants. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-57, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state that the answer to this Interrogatory may be derived or ascertained from the FMLA files of employees who requested FMLA leave and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Subject to the entry of a protective order, Defendants will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

**INTERROGATORY NO. 21:**

4.    For the period January 1, 2006 to the present, provide the following information:

b.    Identify the individuals who requested FMLA leave but were denied FMLA leave, and for each individual state: (a) the date FMLA leave was requested; (b) the medical condition for which the leave requested; (c) the duration of the leave requested; (d) the date the leave was denied; and (e) the reason the leave was denied.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as overly broad and unduly burdensome. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about FMLA requests by employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Defendants further object to the level of information sought by this Interrogatory as exceeding the scope of Defendants' obligations under Fed. R. Civ. P. 33.

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state that the answer to this Interrogatory may be derived or ascertained from the FMLA files of employees who requested FMLA leave and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Subject to the entry of a protective order, Defendants will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

**INTERROGATORY NO. 22:**

4.    For the period January 1, 2006 to the present, provide the following information:

c.    Identify the individuals who have been disciplined under GDRTA's absenteeism policy for using provisionally approved FMLA Leave while their FMLA applications were under consideration by GDRTA;

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning any discipline imposed for using provisionally approved FMLA leave. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about discipline not issued to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Defendants further object to the level of information sought by this Interrogatory as beyond the scope of Fed. R. Civ. P. 33.

**INTERROGATORY NO. 23:**

4.      For the period January 1, 2006 to the present, provide the following information:

d.      Identify the individuals who have been disciplined under GDRTA's absenteeism policy because they used provisionally approved FMLA leave while their FMLA applications were under consideration by GDRTA, and were later denied FMLA leave.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants also object to this Interrogatory as unduly burdensome, overly burdensome, vague and ambiguous. Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning any discipline imposed for using provisionally approved FMLA leave. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about discipline not issued to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Additionally, Defendants object to the level of information sought by this Interrogatory as beyond the scope of Fed. R. Civ. P. 33.

17

**INTERROGATORY NO. 24:**

4.    For the period January 1, 2006 to the present, provide the following information:

e.    Identify the individuals who have been disciplined under GDRTA's absenteeism policy because they used FMLA leave, even though the individuals were approved for FMLA leave.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence because no Plaintiff has asserted a claim concerning any discipline received because he or she used approved FMLA leave. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

Defendants further object to this Interrogatory because it is an improper attempt to shift Plaintiffs' burden of identifying putative class members to Defendants. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-57, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Additionally, Defendants object to the level of information sought by this Interrogatory as beyond the scope of Fed. R. Civ. P. 33.

**INTERROGATORY NO. 25:**

4.    For the period January 1, 2006 to the present, provide the following information:

f.    Identify the individuals who were required to take more FMLA time than they requested or needed while either awaiting approval or after being approved for intermittent leave.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as unduly burdensome, overly broad, vague and ambiguous. Defendants also object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Additionally, Defendants object to the level of information sought by this Interrogatory as beyond the scope of Fed. R. Civ. P. 33.

Defendants further object to this Interrogatory because it is an improper attempt to shift Plaintiffs' burden of identifying putative class members to Defendants. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-57, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Subject to and without waiving any objections, Defendants state that the GDRTA does not require employees to take more FMLA time than they requested or needed while either awaiting approval or after being approved for intermittent FMLA leave.

**INTERROGATORY NO. 26:**

4.      For the period January 1, 2006 to the present, provide the following information:

g.      Identify the individuals who were required to obtain a second medical opinion in connection with their request for FMLA leave, and for each individual identify the health care provider to whom the individual was referred by you for a second medical opinion.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as unduly burdensome and overly broad. Defendants also object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Additionally, Defendants object to the level of information sought by this Interrogatory as beyond the scope of Fed. R. Civ. P. 33.

Defendants further object to this Interrogatory because it is an improper attempt to shift Plaintiffs' burden of identifying putative class members to Defendants. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-57, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state that the answer to this Interrogatory may be derived or ascertained from employees' FMLA files and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Defendants will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

**INTERROGATORY NO. 27:**

4. For the period January 1, 2006 to the present, provide the following information:

h. Identify the individuals who were requested to obtain a third medical opinion in connection with their request for FMLA leave, and for each individual identify the health care providers selected by you as your part of the mutual selection process for a third medical opinion.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as unduly burdensome and overly broad. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Defendants object to the level of information sought by this Interrogatory as beyond the scope of Fed. R. Civ. P. 33.

Defendants further object to this Interrogatory because it is an improper attempt to shift Plaintiffs' burden of identifying putative class members to Defendants. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-57, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state that the answer to this Interrogatory may be derived or ascertained from employees' FMLA files and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Subject to the entry of a protective order, Defendants will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

**INTERROGATORY NO. 28:**

4. For the period January 1, 2006 to the present, provide the following information:

i. Identify the individuals who you advised were required to be absent before being

allowed to seek approval for FMLA leave.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants also object to this Interrogatory as overly broad and unduly burdensome. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Additionally, Defendants object to the level of information sought by this Interrogatory as beyond the scope of Fed. R. Civ. P. 33.

Defendants further object to this Interrogatory because it is an improper attempt to shift Plaintiffs' burden of identifying putative class members to Defendants. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-57, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Subject to and without waiving any objections, the GDRTA does not currently enforce a policy that requires employees to be absent before seeking approval for FMLA leave. The GDRTA has never required employees to be absent before seeking approval for a specific period of FMLA leave that the employee knew about in advance. The GDRTA permits employees to seek approval for FMLA leave consistent with its FMLA Policy and FMLA Regulations. To the extent the GDRTA has verbally advised employees that they should incur an absence before seeking approval for an unknown period of unforeseeable leave, Defendants do not have specific knowledge that would allow for the identification of such employees. Further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state additional information responsive to this Interrogatory may be derived or ascertained from employees' FMLA files and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Subject to the entry of a protective order, Defendants will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

**INTERROGATORY NO. 29:**

4.      For the period January 1, 2006 to the present, provide the following information:

j.      Identify the individuals who you required to complete a Request for Family Leave form before being allowed to obtain the medical certification form.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants also object to this Interrogatory as unduly burdensome and overly broad. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

Defendants further object to this Interrogatory because it is an improper attempt to shift Plaintiffs' burden of identifying putative class members to Defendants. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-57, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Subject to and without waiving any objections, Defendants state that the GDRTA informed employees in or around January 2010 that it was instituting an internal process to administer FMLA application and approval. As part of this policy, the GDRTA asked employees to complete a Request for Family or Medical Leave form to begin this internal process. However, the GDRTA does not require employees to complete a Request for Family or Medical Leave form before obtaining a medical certification. The GDRTA commonly provides medical certification forms to employees who have not completed a Request for Family or Medical Leave form, and such medical certification forms are commonly available, including on the Department of Labor website.

**INTERROGATORY NO. 30:**

5.      Describe in detail all information and forms that must be completed, and all other procedural requirements that must be complied with, by an employee seeking FMLA leave prior to the grant of any form of FMLA leave.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as overly broad, vague and ambiguous. Defendants specifically object that this Interrogatory seeks a general response concerning procedures and requirements, even though such procedures and requirements may depend upon the individual facts and circumstances of each employee's request. Defendants object that further specification of the individual circumstances at issue is required in order to respond to this Interrogatory. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Further, Defendants object to this Interrogatory as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about forms and procedural requirements applied to employees other than Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

Subject to and without waiving any objections, Defendants state that information and forms that must be completed and other procedural requirements that must be complied with by an employee seeking FMLA leave are set forth in the GDRTA's FMLA Policy. The individual procedures and requirements applicable to a particular employee may depend on the unique facts and circumstances of the employee's request. Based on individual facts and circumstances, the GDRTA determines how to proceed in considering each individual request for FMLA leave.

**INTERROGATORY NO. 31:**

6.      Describe the training that GDRTA managers and human resource personnel, including yourself, have received relative to FMLA rights and an employer's duty under the FMLA, including the dates of each such training, since January 1, 2006.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants also object to this Interrogatory as overly broad, and as seeking information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information outside of the applicable statutory time period to bring the claims alleged in the Complaint. Defendants object to the phrase "including yourself" as vague.

Subject to and without waiving any objections, the GDTRA provided its supervisors, managers, human resources personnel and attendance keepers with training regarding its revised FMLA Policy, practices and procedures in or about January 2010, which included but was not limited to the following invitees: Jean McEntarfer, Sharon Gitman, Mark Donaghy, Frank Ecklar, Allison Ledford, Jim Napier, Mary Stanforth, John Thomas, Anthony Whitmore, Cathy Garner, Debby Ballard, Barbara Chamberlain, Dorothy Gilliam, Sandra James, Phyllis Cox, Cindy Morrow, Nancy Schultz, and Dale Crutcher. Further, the GDRTA provided generalized training for managers and supervisors concerning the various operational issues related to its revised FMLA Policy.

Additionally, Jean McEntarfer has attended the following FMLA training sessions for human resources personnel: Department of Labor seminar via the Eastern Indiana Human Resources Association (2005); Department of Labor seminar via the American Payroll Association (2007, 2008, and 2009); and Department of Labor seminar via the Warren County Career Center (2011). Jean McEntarfer also received FMLA training in 2011 while obtaining her PHR (Professional Human Resources) certification (January 2012). In addition to Jean McEntarfer, the following personnel have attended the Department of Labor FMLA training sessions offered through the American Payroll Association: Sharon Gitman (2007, 2008, and 2009), Phyllis Cox (2008), Carla Sowder (2009), and Cindy Morrow (2009).

## INTERROGATORY NO. 32:

7.     Describe in detail how information obtained by you in connection with an employee's request for FMLA leave is maintained, including, but not limited to, identifying the individuals who have access to the information, where the information is stored, and your policies and practices with respect to sharing such information internally.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report. Defendants also object to this Interrogatory as overly broad, vague and ambiguous.

Subject to and without waiving any objections, Defendants state that current employees' FMLA files are kept in Jean McEntarfer's office and only Dale Crutcher, Gene Rhodes, and Clara Smith have access to the files.

24

**INTERROGATORY NO. 33:**

8.      Describe any FMLA requirements waived by GDRTA, including any special

application of such requirements to salaried and executive personnel, and provide a listing indicating

the name and title of each employee for whom such a waiver was granted and the basis of the grant.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective
Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f)
Report.

Defendants also object to this Interrogatory as unduly burdensome, overly broad, vague and
ambiguous. Defendants further object that this Interrogatory seeks information that is not relevant
and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objections, Defendants are not aware of a situation in
which the GDRTA has waived its FMLA rights. The GDRTA may or may not exercise all of its
rights under FMLA Regulations depending upon the individual facts and circumstances of a
particular employee's request for FMLA leave, regardless of whether the employee is salaried,
executive or hourly.

**INTERROGATORY NO. 34:**

9.      Describe any and all employee complaints or allegations related to employee requests

for FMLA leave, including but not limited to: (a) the name and title of each complaining employee;

(b) the basis for the complaint; (c) the form of the complaint; (d) the resolution of the complaint; and

(e) the resolution of the employee's request for FMLA leave.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective
Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f)
Report.

Defendants also object to this Interrogatory as vague, ambiguous, overly broad and unduly
burdensome. Defendants further object that this Interrogatory seeks information that is not relevant
and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it
seeks information about complaints or requests for FMLA leave not related to Plaintiffs' allegations

25

in the Complaint. Additionally, Defendants object to the level of information sought by this Interrogatory as beyond the scope of Fed. R. Civ. P. 33.

Defendants further object to this Interrogatory because it is an improper attempt to shift Plaintiffs' burden of identifying putative class members to Defendants. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-57, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state that the answer to this Interrogatory may be derived or ascertained from employees' grievance files and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Subject to the entry of a protective order, Defendants will make documents from grievance files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

**INTERROGATORY NO. 35:**

10. Provide the name, title, address, and telephone number of any and all persons responsible for the review, granting, denial, and administration of FMLA leave for GDRTA at any time since January 1, 2006.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants also object to this Interrogatory as vague and ambiguous. Subject to and without waiving any objections, Defendants state that the following individuals have been responsible for the review, granting and denial of FMLA leave since July 20, 2008: Jean McEntarfer; Manager of Recruitment Carla Sowder; former Director of Human Resources Sharon Gitman; Manager of Labor Relations Dale Crutcher; Director of Human Resources Gene Rhodes. The administration of FMLA leave may involve numerous departments, supervisors, managers and other employees depending upon the individual circumstances. These individuals include, but are not limited to, the individuals identified in Defendants' Initial Disclosures. All individuals identified may be contacted through Defendants' counsel.

**INTERROGATORY NO. 36:**

11. For every response in your answers to Plaintiffs' First Set of Requests for Admission of Facts that was not an unqualified admission, please state all facts which form the basis for your

response, identify all documents that support your contention, and identify all persons who have knowledge of the facts and would be able to testify as to those facts.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object that this Interrogatory is unduly burdensome, overly broad, vague and ambiguous. Defendants further object that the level of information sought by this Interrogatory grossly exceeds the scope of Defendants' obligations under Fed. R. Civ. P. 33. Defendants also object to the extent it seeks a narrative response more suitable for a deposition.

Subject to and without waiving any objections, Defendants state that the basis for Defendants' responses to Plaintiffs' Requests for Admission is set forth in each individual response. Additionally, Defendants' Initial Disclosures identify both the witnesses who have knowledge pertaining to Plaintiffs' Requests for Admission and the documents supporting Defendants' responses thereto. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state that additional information responsive to this Interrogatory may be derived or ascertained from employees' FMLA files and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Subject to the entry of a protective order, Defendants will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

**INTERROGATORY NO. 37:**

12.     Does GDRTA assert or contend that it does not have the minimum number of employees required to be subject to the requirements of the FMLA? If your answer is in the affirmative, provide any and all bases for the assertion or contention, including the names and addresses of every employee whose name appears on the payroll by week for the calendar years 2006, 2007, 2008, 2009, 2010, and 2011.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Subject to and without waiving any objections, Defendants do not contend that GDRTA does not have the minimum number of employees required to be subject to the requirements of the FMLA.

**INTERROGATORY NO. 38:**

13.     Describe in detail your policies and practices for identifying and determining whether an employee who has requested FMLA leave is eligible for FMLA leave (subject to the request for leave being approved).

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as overly broad, vague and ambiguous. Defendants also object to Plaintiffs' request to provide information "in detail" as beyond the scope of Fed. R. Civ. P. 33. Defendants further object to this Interrogatory to the extent it seeks a narrative response more suitable for a deposition.

Subject to and without waiving any objections, Defendants state that they follow the FMLA Regulations and the GDRTA's FMLA Policy (attached as Exhibit B to Defendants' Answer) and supporting documents in determining whether employees are eligible for FMLA leave.

**INTERROGATORY NO. 39:**

14.     Do you assert or contend that any named Plaintiff was not an "eligible employee" entitled to leave under the FMLA at the time he/she requested FMLA leave? If your answer is in the affirmative, state as to each such Plaintiff: (a) the date he/she became employed by GDRTA; (b) the total number of months he/she was employed by GDRTA prior to the date the requested leave was to start; and (c) the number of hours he/she worked in the 12-month period prior to the date each requested leave was to start.

**RESPONSE:**

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants also object to this Interrogatory as overly broad and unduly burdensome. Defendants further object that this Interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about policies, procedures and/or methods not applied to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Defendants also object to the level of information sought by this Interrogatory as beyond the scope of Fed. R. Civ. P. 33.

Subject to and without waiving any objections, Plaintiff Doug Stauter was not an "eligible employee" when he requested FMLA leave after his termination. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants state that the answer to subparts (a), (b), and (c) of this Interrogatory may be derived or ascertained from Plaintiff Stauter's personnel file and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Defendants will make Plaintiff Stauter's personnel file available for inspection and copying at a mutually agreeable time. Defendants do not presently contend that any other named Plaintiff was not an "eligible employee" when he or she initially requested FMLA leave. However, Defendants reserve the right to supplement, amend or revise this response based on further investigation and discovery.

## INTERROGATORY NO. 40:

15.     Do Defendants assert or contend that any medical certification form submitted by any employee, including any of the named Plaintiffs, was invalid or inauthentic? If your answer is in the affirmative, identify each such medical certification form and for each form: (a) state all bases that support your assertion or contention; and (b) and identify all documents and/or other evidence that supports your assertion or contention.

### RESPONSE:

Defendants object to this Interrogatory in that Plaintiffs have exceeded fifteen (15) collective Interrogatories, which was the limit agreed upon by the parties and reflected in the Rule 26(f) Report.

Defendants object to this Interrogatory as overly broad, unduly burdensome, vague and ambiguous. Further, Defendants object that this Interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information about medical certifications submitted by employees other than the Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

Defendants further object to this Interrogatory because it is an improper attempt to shift Plaintiffs' burden of identifying putative class members to Defendants. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-57, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

Subject to and without waiving any objections, Defendants have questioned the validity and/or authenticity of medical certifications submitted by employees on numerous occasions. The answer to this Interrogatory may be derived or ascertained from the FMLA files of employees who requested FMLA leave and the burden of deriving or ascertaining the answer is substantially the same for Plaintiffs as for Defendants. Subject to the entry of a protective order, Defendants will make documents from FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

As to objections:

Daniel J. Guttman (0068034), Trial Attorney
dguttman@bakerlaw.com
Rodger L. Eckelberry (0071207), Of Counsel
reckelberry@bakerlaw.com
Wendy K. Clary (0077775)
wclary@bakerlaw.com
Matthew L. Roberts (0079938)
mroberts@bakerlaw.com

Baker Hostetler LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260
Telephone: 614.228.1541
Facsimile: 614.462.2616

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on March 13, 2012, a copy of the foregoing *Defendants' Answers to Plaintiffs' First Set of Interrogatories* was sent via U.S. mail to counsel for Plaintiffs at the following address:

William Leathem
Jacobs, Burns, Orlove & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603

_____
One of the attorneys for Defendants

31

## VERIFICATION

On behalf of Defendants Greater Dayton Regional Transit Authority and Jean McEntarfer, the undersigned states that the foregoing is accurate and complete to the best of my knowledge.

JEAN MCENTARFER

STATE OF OHIO

} SS:

COUNTY OF FRANKLIN,

Sworn to and subscribed before me this _13th_ day of March, 2012.

_____
Notary Public

PHYLLIS A. COX, Notary Public
In and for the State of Ohio
My Commission Expires March 29, 2012