**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michele Wilkinson, *et al.*,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>Greater Dayton Regional Transit Authority, *et al.*,<br><br>                  Defendants. | CASE NO. 3:11-CV-247<br><br>JUDGE RICE |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Greater Dayton Regional Transit Authority ("GDRTA") and Jean McEntarfer (collectively "Defendants") hereby respond to Plaintiffs' First Request for Production of Documents. Defendants' General Objections to Plaintiffs' requests are set forth below. The General Objections are incorporated within each response wherever applicable. Defendants' failure to specifically cite an objection in response to a specific request shall not be construed as waiving any applicable General Objection thereto.

Defendants reserve the right to challenge the relevance, materiality and admissibility of the documents sought, provided or identified, or to object to the use of such documents in any subsequent proceeding or trial in this action. Defendants' responses are complete and responsive in accordance with Defendants' understanding of the requests as drafted, and are based upon records or other information in Defendants' possession.

1

## GENERAL OBJECTIONS

Defendants assert and incorporate by reference the following General Objections in Defendants' response to each of the individual document requests in Plaintiffs' First Request for Production of Documents:

1.    Defendants object to these requests to the extent that they call for disclosure or production of documents protected from disclosure by the attorney-client privilege, work product doctrine or any other privilege, immunity or grounds that protect documents from disclosure.

2.    Defendants object to these requests to the extent that they seek documents or information beyond that which is allowed by Rules 26 and 34 of the Federal Rules of Civil Procedure and to the extent that they seek to impose any obligations upon Defendants inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure.

3.    Defendants object to these requests to the extent they incorporate defined and undefined terms that are vague, ambiguous, or overreaching.

4.    Defendants object to these requests to the extent they contain legal conclusions or characterize certain information or ideas as undisputed fact.

5.    Neither the fact that Defendants have responded to any requests, nor the responses themselves, constitute an admission or acknowledgment that the requests are proper, that any characterizations contained in these requests are true or accurate, that the documents and information sought is within the proper bounds of discovery, or that other requests for documents or information will be treated in a similar fashion.

6. In accordance with Fed. R. Civ. P. 26(b)(2)(B), Defendants object to searching for or producing information or documents contained in ESI that are not reasonably accessible because of undue burden or cost.

7. Defendants object to producing documents that are not applicable to the statutory time period to bring the claims alleged in the Complaint.

8. Defendants' responses to these requests are subject to Defendants' continuing and ongoing discovery, and Defendants reserve the right to modify or supplement their responses.

Subject to and without waiving these objections, Defendants respond to Plaintiffs' First Request for Production of Documents as follows:

## REQUEST TO PRODUCE DOCUMENTS

1. All documents identified by you in your response to Plaintiffs' Interrogatories and Plaintiffs' First Set of Requests for Admission of Facts ("Requests for Admission").

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Subject to and without waiving any objections, and subject to a protective order, Defendants will make relevant and responsive documents identified by Defendants and dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

2. All documents on which you rely, in whole or in part, to deny any part of the Requests for Admission, and for every admission that you fail to unequivocally admit.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Defendants object that this Request is overly broad and unduly burdensome. Subject to and without waiving any objections, Defendants will make relevant and responsive documents identified by Defendants and dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

3

3.     All organizational charts, structure charts, agreements, contracts, letters, notes, memos, correspondence, and any other documents that show GDRTA's organizational structure and which identify GDRTA's officers, directors, and manager.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period.  Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome, and as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving any objections, Defendants will make relevant and responsive documents identified by Defendants and dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

4.     All notices provided to employees or posted in the workplace relative to employee rights under the FMLA.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period.  Defendants object that this Request is not limited to the relevant time period.  Subject to and without waiving any objections, Defendants will make relevant and responsive documents identified by Defendants and dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

5.     All employee handbooks from January 1, 2006 to the present that contain any reference to the FMLA.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period.  Defendants object to this Request as vague, ambiguous, overly broad, and as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the extent this Request seeks documents outside of the applicable statutory time period to bring the claims alleged in the Complaint.  Subject to and without waiving any objections, Defendants will make relevant and responsive documents identified by Defendants and dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

6.     GDRTA's Absence Control Policy.

RESPONSE:  The Absence Control Policy was attached as Exhibit C to Defendants' Answer.

7.     All notes, letters, memoranda, emails, and other documents that relate or refer to communications between you and any employee concerning the FMLA.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

8.     All policies, procedures, manuals, emails, and other documents that describe, relate to, or refer to the FMLA and the procedures and instructions on how an employee can apply for FMLA leave.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad and unduly burdensome, and object to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Defendants further object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks documents not involving Plaintiffs or a putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time. In addition, Defendants' FMLA Policy was attached to the Answer as Exhibit B.

9.     All notes, letters, memoranda, emails, and other documents from January 1, 2006 to the present that describe, relate to, refer to, discuss, recommend, suggest, or approve changes to GDRTA's FMLA policy.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, unduly burdensome and overly broad. Defendants further object to the extent this Request seeks documents outside of the applicable statutory time period to bring the claims alleged in the Complaint. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections,

Defendants will make the GDRTA's revised FMLA Policy and supporting documents available for inspection and copying at a mutually agreeable time.

10.    All documents for the period January 1, 2006 to the present which relate to problems or issues which GDRTA has perceived with regard to dealing with FMLA administration and ways to curb or decrease FMLA usage by employees.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period.  Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome.  Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine.  Defendants further object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks documents not involving Plaintiffs or a putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.  Subject to and without waiving any objections, Defendants will make the GDRTA's revised FMLA Policy and supporting documents, as well as other relevant and responsive documents identified by Defendants and dated from July 20, 2008 to the present, available for inspection and copying at a mutually agreeable time.

11.    All policies, procedures, manuals, emails, and other documents used by you to manage and administer GDRTA's leave policies, including FMLA leave and related benefits.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period.  Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome.  Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks documents not involving Plaintiffs or a putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.  Finally, Defendants object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine.  Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.  In addition, Defendants' FMLA Policy was attached to the Answer as Exhibit B.

12.    All documents that relate or refer to the waiver of any FMLA rights that may have been signed by any employee.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period.  Defendants object to this Request as vague and ambiguous, and object to the extent it

seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, Defendants are not aware of any documents responsive to this Request.

13. All documents that relate or refer to the termination of Plaintiff Doug Stauter.

RESPONSE: Defendants object to this Request as overly broad, and object to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, Defendants will make relevant and responsive documents available for inspection and copying at a mutually agreeable time.

14. The complete FMLA file of each named Plaintiff.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad, and object to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

15. The complete FMLA file of every employee who has requested FMLA leave.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

16. The complete personnel file of each named Plaintiff.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad, and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

17. The complete personnel file of every employee who has requested FMLA leave.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

18. All policies, procedures, manuals, guidelines, memoranda, emails, and other documents that you refer to or rely upon in determining whether a health care provider's medical certification for FMLA leave is complete.

RESPONSE: Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, Defendants' FMLA Policy was attached to the Answer as Exhibit B. Defendants also rely on the individual facts and circumstances (including the employee's medical certification and any other pertinent information), FMLA Regulations, 29 C.F.R. § 825, and the FMLA Opinion Letters issued by the Department of Labor.

19. All policies, procedures, manuals, guidelines, memoranda, emails, and other documents that you refer to or rely upon in determining whether a health care provider's medical certification for FMLA leave is sufficient.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, Defendants' FMLA Policy was attached to the Answer as Exhibit B. Defendants also rely on FMLA Regulations, 29 C.F.R. § 825, and the FMLA Opinion Letters issued by the Department of Labor.

20. All policies, procedures, manuals, guidelines, memoranda, emails and other documents that you refer to or rely upon in determining whether a health care provider's medical certification for FMLA leave is valid.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without

8

waiving any objections, Defendants' FMLA Policy was attached to the Answer as Exhibit B. Defendants also rely on the individual facts and circumstances (including the employee's medical certification and any other pertinent information), FMLA Regulations, 29 C.F.R. § 825, and the FMLA Opinion Letters issued by the Department of Labor.

21. All policies, procedures, manuals, guidelines, memoranda, emails and other documents that you refer to or rely upon in determining whether a health care provider's medical certification for FMLA leave is authentic.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, Defendants' FMLA Policy was attached to the Answer as Exhibit B. Defendants also rely on the individual facts and circumstances (including the employee's medical certification and any other pertinent information), FMLA Regulations, 29 C.F.R. § 825, and the FMLA Opinion Letters issued by the Department of Labor.

22. All policies, procedures, manuals, guidelines, memoranda, emails, and other documents that you refer to or rely upon in determining whether an employee seeking FMLA leave is required to obtain a second medical opinion.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous and overly broad. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, Defendants' FMLA Policy was attached to the Answer as Exhibit B. Defendants also rely on the individual facts and circumstances (including the employee's medical certification and any other pertinent information), FMLA Regulations, 29 C.F.R. § 825, and the FMLA Opinion Letters issued by the Department of Labor.

23. All policies, procedures, manuals, guidelines, memoranda, emails, and other documents that you refer to or rely upon in determining whether an employee seeking FMLA leave is required to obtain a third medical opinion.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous and overly broad. Defendants

also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, Defendants' FMLA Policy was attached to the Answer as Exhibit B. Defendants also rely on the individual facts and circumstances (including the employee's medical certification and any other pertinent information), FMLA Regulations, 29 C.F.R. § 825, and the FMLA Opinion Letters issued by the Department of Labor.

24.    All policies, procedures, manuals, guidelines, memoranda, emails, and other documents that you refer to or rely upon in determining whether and under what circumstances an employee who was previously granted FMLA leave is required to recertify the medical condition.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous and overly broad. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, Defendants' FMLA Policy was attached to the Answer as Exhibit B. Defendants also rely on the individual facts and circumstances (including the employee's medical certification, attendance record, and any other pertinent information), FMLA Regulations, 29 C.F.R. § 825, and the FMLA Opinion Letters issued by the Department of Labor.

25.    Jean McEntarfer's curriculum vitae.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendants are not aware of any documents responsive to this Request.

26.    All hand-outs, booklets, pamphlets, print-outs, power point presentations, audio recordings, films, slide shows, DVDs, VCRs, and any other written, visual, or audio materials that describe, relate, or refer to the FMLA and that were distributed to or presented to employees.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad, and as seeking documents and/or electronic media not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, Defendants'

FMLA Policy was attached to the Complaint as Exhibit B. Any supporting documents or other materials distributed or presented to employees will be made available for inspection and copying at a mutually agreeable time.

27.    All hand-outs, booklets, pamphlets, print-outs, power point presentations, audio

recordings, films, slide shows, DVDs, VCR, and any other written, visual, or audio materials that

describe, relate, or refer to the FMLA that you received from any person or entity.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, and overly broad, and object to the extent it seeks documents and/or electronic media protected by the attorney-client privilege and/or attorney work product doctrine. Defendants also object to this Request as seeking documents and/or electronic media not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

28.    All grievances, charges, complaints, employee interview records, arbitrations, and

other documents filed against you by any employee, person, or entity, which in any way relate to

or refer to the FMLA.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Further, Defendants object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, and subject to the entry of a protective order, Defendants will make documents from grievance files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

29.    All grievances, charges, complaints, employee interview records, arbitrations, and

other documents filed against you by any employee, person, or entity, which in any way relate to

or refer to discipline for absences from work and which allege that at least some of the absences

were due to FMLA leave.

11

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, and subject to the entry of a protective order, Defendants will make documents from grievance files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

30. All notes, letters, memoranda, emails, and other documents that describe, relate to, refer to any document produced in response to Document Request # 29.

RESPONSE: Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, and subject to the entry of a protective order, Defendants will make documents from grievance files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

31. All collective bargaining agreements ("CBAs") including any and all addenda, amendments, or side agreements, covering GDRTA employees since July 20, 2006.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous and overly broad in that it seeks documents outside of the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, the documents responsive to this Request will be made available for inspection and copying at a mutually agreeable time.

32. All personnel guides, employee handbooks, supervisory manuals, and other documents that describe, embody, or otherwise reflect GDRTA's policies, practices, and procedures on the FMLA.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous and overly broad. Defendants

also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, Defendants' FMLA Policy was attached to the Answer as Exhibit B.

33.    For the period January 1, 2006 to the present, all documents describing GDRTA's document retention/destruction policy (e.g. when such policies were implemented, what changes have occurred since that time, etc.).

RESPONSE:  Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, and overly broad in that it seeks documents outside of the applicable statutory time period to bring the claims alleged in the Complaint. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, any relevant documents responsive to this Request will be made available for inspection and copying at a mutually agreeable time.

34.    All documents that identify or describe all efforts taken by you since January 1, 2006 in order to determine whether or not GDRTA was in compliance with the FMLA.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, and overly broad in that it seeks documents outside of the applicable statutory time period to bring the claims alleged in the Complaint. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

35.    All documents that identify, describe, or support any claim or assertion by GDRTA that since July 20, 2008 its method of administering the processing of employee requests for FMLA leave was performed with a good faith reasonable belief that GDRTA was complying with the FMLA.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, and overly broad. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections,

13

and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

36.    All messages or other electronic documents in your email systems from January 1, 2006 to the present that relate or refer to GDRTA's FMLA policy and the administration and/or processing of employee requests for FMLA leave.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents and emails from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

37.    For every employee who was granted FMLA leave at any time since July 20, 2008, all documents that identify the number of hours of FMLA leave charged by GDRTA to each such employee in every 12-month period under which such employee's FMLA leave was measured.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad and unduly burdensome. Defendants further object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks documents not involving Plaintiffs or a putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

38.    All notes, letters, memoranda, emails, and other documents that relate or refer to the development, implementation, administration, and application of GDRTA's FMLA policy.

14

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request to the extent it seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving any objections, the GDRTA's FMLA Policy was attached to the Complaint as Exhibit B. Any supporting documents will be made available for inspection and copying at a mutually agreeable time.

39. All "Authorization for Release of Health Information" forms that you have requested employees seeking FMLA leave to sign.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad and as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

40. All "Authorization for Release of Health Information" forms that were signed by any and all employees seeking FMLA leave, regardless of whether the requested leave was granted or denied.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad and as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

41. All documents that an employee is required to complete, either in whole or in part, and/or submit, in connection with a request for FMLA leave.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous and overly broad. Defendants further object that documents an employee is required to complete in connection with a request for FMLA leave may depend upon the individual facts and circumstances of the request. Subject

to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

42. All documents that GDRTA requires to be completed and submitted, whether by the employee in whole or in part or by a health care provider in whole or in part, in connection with a request for FMLA leave.

RESPONSE: *See* Defendants' Response to Request No. 41.

43. All documents that are required, provided, or issued by GDRTA in connection with a request for FMLA leave.

RESPONSE: *See* Defendants' Response to Request No. 41.

44. All medical certification forms, including but not limited to the U.S. Department of Labor Form WH-380-E revised January 2009 "Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)" submitted by or on behalf of each named Plaintiff.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

45. All medical certification forms, including but not limited to the U.S. Department of Labor Form WH-380-E revised January 2009 "Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)" submitted by or on behalf of every employee who has requested FMLA leave.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad and unduly burdensome. Defendants

16

also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

46.     All "GDRTA Employee Request for Family or Medical Leave" forms submitted

by or on behalf of each named Plaintiff.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad and as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

47.     All "GDRTA Employee Request for Family or Medical Leave" forms submitted

by or on behalf of every employee who has requested FMLA leave.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

48.     All notices of eligibility for FMLA leave, including but not limited to U.S.

Department of Labor Form WH-381 revised January 2009 "Notice of Eligibiity and Rights &

Responsibilities (Family and Medical Leave Act)" issued by GDRTA to each named Plaintiff.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad and as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, and subject to a protective order, Defendants will make

documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

49.     All notices of eligibility for FMLA leave, including but not limited to U.S. Department of Labor Form WH-381 revised January 2009 "Notice of Eligibiity and Rights & Responsibilities (Family and Medical Leave Act)" issued by GDRTA to every employee who has requested FMLA leave.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

50.     All notices indicating that a request for FMLA leave has been approved, a request for FMLA leave has not been approved, additional information is needed to determine whether a request for FMLA leave can be approved, a medical certification is not complete and/or sufficient, a second or third opinion medical certification is required, and/or all available FMLA leave has been exhausted, including but not limited to U.S. Department of Labor Form WH-382 January 2009 "Designation Notice (Family and Medical Leave Act)" issued by GDRTA to each Plaintiff.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous and overly broad. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

51. All notices indicating that a request for FMLA leave has been approved, a request for FMLA leave has not been approved, additional information is needed to determine whether a request for FMLA leave can be approved, a medical certification is not complete and/or sufficient, a second or third opinion medical certification is required, and/or all available FMLA leave has been exhausted, including but not limited to U.S. Department of Labor Form WH-382 January 2009 "Designation Notice (Family and Medical Leave Act)" issued by GDRTA to every employee who has requested FMLA leave.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint. Subject to and without waiving any objections, and subject to a protective order, Defendants will make documents from employees' FMLA files dated from July 20, 2008 to the present available for inspection and copying at a mutually agreeable time.

52. All attendance records, attendance rolls, absence records, absence rolls, reprimands, written warnings, attendance counseling forms, and any and all other documents which relate to, refer to, or identify any and all "chargeable absences," as that term is used in GDRTA's Absence Control Policy, charged to each employee who requested FMLA leave (regardless of whether the request was approved or denied) from July 20, 2008 to the present.

RESPONSE: Defendants object that this Request is not limited to the relevant time period. Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome. Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

53. All attendance records, attendance rolls, absence records, absence rolls, reprimands, written warnings, attendance counseling forms, and any and all other documents

which relate to, refer to, or identify any and all absences from work charged to each employee who requested FMLA leave (regardless of whether the request was approved or denied) from July 20, 2008 to the present.

RESPONSE:  Defendants object that this Request is not limited to the relevant time period.  Defendants object to this Request as vague, ambiguous, overly broad and unduly burdensome.  Defendants also object to this Request as seeking documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information not applicable to Plaintiffs or any putative class member within the applicable statutory time period to bring the claims alleged in the Complaint.

Respectfully submitted,

Daniel J. Guttman (0068034), Trial Attorney
Rodger L. Eckelberry (0071207), Of Counsel
Wendy K. Clary (0077775)
Matthew L. Roberts (0079938)
BAKER & HOSTETLER LLP
65 E. State Street, Suite 2100
Columbus, Ohio 43215
(614) 228-1541
(614) 462-2616 (fax)
dguttman@bakerlaw.com
reckelberry@bakerlaw.com
wclary@bakerlaw.com
mroberts@bakerlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2012, a copy of the foregoing was delivered to counsel

for Plaintiff by regular U.S. mail at the following address:

William Leathem
Jacobs, Burns, Orlove & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603

_____
An Attorney for Defendants