IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHELE WILKINSON, et al., | : | |
| Plaintiffs, | : | Case No. 3:11cv00247 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| GREATER DAYTON REGIONAL<br>TRANSIT AUTHORITY, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

**DECISION, ENTRY, AND ORDER**

**I.   Introduction**

This Family and Medical Leave Act case is before the Court upon Plaintiffs' Rule 36 Motion to Determine Sufficiency of Certain Responses, and to Deem the Requests Admitted (Doc. # 29), Defendants' Response in Opposition (Doc. # 39), Plaintiffs' Reply (Doc. # 44), and the record as a whole.  Plaintiffs seek an Order, under Fed. R. Civ. P. 36, deeming admitted Plaintiffs' Requests for Admission 9, 16, 17, and 24-26.  They alternatively seek an Order requiring Defendants to serve amended responses in compliance with Rule 36 by a certain date.  Defendants contend that each of their responses are proper under Rule 36.

## II.     Applicable Standards

Rule 36(a)(1)  provides in pertinent part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) relating to

(A) facts, application of law to fact, or opinions about either; and

(B)  the genuineness of any described documents.

Rule 36(a)(4) instructs:

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

If the Court determines that an answer is fails to comply with Rule 36(a), the Court "may order either that the matter is admitted or that an amended answer be served. . . ." Fed. R. Civ. P. 36(a)(6).

"Requests for admissions are not a general discovery device." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986).  Rule 36's "proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Khami v. Ortho-McNeil-Janssen Pharm., Inc.*, 2011 WL 996781 at *2 (E.D.

Mich. Mar. 17, 2011) (citing *Misco*, 784 F.2d at 205)(other citation omitted); *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010) ("Rule 36(a)'s primary purposes are 'to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'"). "Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness." 8B Wright, Miller, & Marcus, Federal Practice & Procedure, §2253 (3d Ed. 2010) (citing *Misco*, 784 F.2d at 205; other citations omitted).

### III. Discussion

Plaintiffs contend that Defendants' responses to Requests for Admission 9, 16, 17, 24-26 were insufficient because the responses "provided a qualified answer which dodged the issue and resulted in the failure to answer the matter requested." (Doc. #29, PageID at 640). Plaintiffs emphasize that Defendants' qualified denials are non-responsive and not made in good faith.

#### A. Plaintiffs' Request for Admission 9

Request 9 asked Defendants to admit or deny the following:

> You have in at least one instance denied an application for FMLA leave based on a health condition that you determined not be qualifying, even though in other applications the same health condition was determined to be otherwise and to merit the approval of an application for FMLA leave.

Defendants responded with various objections and explained:

> Subject to and without waiving any objections, Defendants deny that the GDRTA [Greater Dayton Regional Transit Authority] makes a medical determination concerning whether an employee's health condition is FMLA qualifying, as this determination is made by a health care provider who provides a medical opinion to the GDRTA. Each case is individual and cannot be generalized. Defendants deny the remaining allegations in Request No. 9.

(Doc. #29, PageID at 625). Defendants' response to this Request for Admission is sufficient under Rule 36 because Defendants take the position that whether an employee has a FMLA qualifying health condition is a "medical determination," and they do not make such determinations. Although this may or may not be an ultimately successful litigation position, Defendants may assert this as a reason for denying Plaintiffs' Request 9. *See Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp. 2d 71, 74-75 (D.D.C. 2003) ("the validity, or *bona fides,* of a qualified answer to a request for admission must await the trial to see if the party forced to prove what was not admitted can meet the requirements of that rule."); *cf. Reichenbach v. City of Columbus*, 2006 WL 143552 at *2 (S.D. Ohio Jan. 19, 2006) (King, M.J.) ("'a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered inappropriate.'" (citation omitted)); *cf. also Novak v. MetroHealth Medical Center*, 503 F.3d 572, 578 (6th Cir. 2007) ("While 'the medical certification provided by the employee is presumptively valid...,' the employer may overcome this presumption by showing that 'the certification is invalid or inauthentic.'" (citation omitted)).

Defendants assert, moreover, that "[e]ach case is individual and cannot be

4

generalized." This argument points to the near certainty that factual disputes will exist between the parties regarding the similarities and differences of employees' respective health conditions and the reasons for granting FMLA leave to some and denying FMLA leave to others. In other words, Defendants are not ready to admit that they denied leave or granted leave "in at least one instance . . ." under the circumstances Request 9 describes. Given the disputed nature of the information Plaintiffs seek in Request 9, Defendants' response is sufficient. *See, e.g., Lakehead Pipe Line Co. v. Am. Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997).

Accordingly, no further response from Defendants to Plaintiffs' Request for Admission 9 is warranted.

### B. <u>Plaintiffs' Request for Admission 16</u>

Request 16 asked Defendants to admit or deny the following

> You have in at least one instance requested that an employee sign an Authorization for Release of Health Information in connection with your request that the employee obtain a second medical opinion even though the second-opinion health care provider did not request such a release.

Defendants responded with various objections and explained:

> Subject to and without waiving any objections, Defendants deny that they are aware of a specific instance in which the GDRTA denied an employee's request for FMLA leave because the employee failed to sign an Authorization for Release of Health Information even though the second opinion health care provider did not request such information. Defendants deny any remaining allegations in Request No. 16.

(Doc. #29, PageID at 626-27). This response is insufficient. By denying "they are aware

5

of a specific instance" in which certain things occurred, Defendants are essentially asserting that they lack knowledge of the one instance Defendants then describe. Rule 36(a)(4) permits Defendants to assert their lack of knowledge or information as a basis for failing to admit or deny a response, but when doing so, Defendants must state that they have "made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Because Defendants did not do so, and because their denial rests mainly on their lack of knowledge, they must amend the answer to Plaintiffs' Request for Admission 16.

C. **Plaintiffs' Requests for Admission 17 and 24**

Request 17 asked Defendants to admit or deny the following:

> You have in at least one instance requested that an employee sign an Authorization for Release of Health Information which authorized you to discuss the employee's medical information with the employee's health care provider.

Defendants responded with various objections and explained:

> Subject to and without waiving any objections, Defendants admit that in at least one instance, the GDRTA has requested that an employee sign an Authorization for Release of Health Information after giving the employee an opportunity to cure any deficiencies in her or her medical certification so that a leave administrator or human resources professional could contact the health care provider to understand the handwriting on the medical certification or to understand the meaning of a response. Defendants deny any remaining allegations in Request No. 17

(Doc. #29, PageID at 627).

Request 24 asked Defendants to admit or deny the following:

> You have in at least one instance directly contacted an employee's health care provider to obtain information about the employee's serious health condition.

Defendants responded with various objections and explained:

> Subject to and without waiving any objections, Defendants admit that in at least one instance, after giving the employee an opportunity to cure any deficiencies in a medical certification that was not complete and sufficient, a leave administrator or human resources professional has contacted the employee's health care provider to understand the handwriting on the medical certification or to understand the meaning of a response. Defendants deny any remaining allegations in Request No. 24.

(Doc. #29, PageID at 628-29).

Defendants' responses to Requests 17 and 24 each contains an admission with a qualification and additional information. The substance of the admission, qualification, and additional information fairly responds to these Requests for Admission. A "responding party that cannot admit or deny a request outright may make an admission with a qualification or deny only part of a request." *Loudermilk v. Best Pallet Co., LLC*, 2009 WL 3272429 at *2 (N.D. Ill. Oct. 8, 2009) (citation omitted). For this reason and because Defendants' admissions and qualifications fairly responds to the substance of Requests 17 and 24, no further response is required. *See* Fed. R. Civ. P. 36(a)(4); *see Loudermilk*, 2009 WL 3272429 at *2.

**D.    Plaintiffs' Requests for Admission 25 and 26**

Request 25 asked Defendants to admit or deny the following:

> When you determine that it is necessary to contact an employee's health care provider for the purpose of authenticating the employee's

7

>medical certification, you require the employee to sign a written authorization allowing the employee's health care provider to discuss medical information with you.

Defendants responded with various objections and explained:

>Subject to and without waiving any objections, Defendants deny that the GDRTA seeks additional medical information when a leave administrator or human resources contacts an employee's health care provider for purposes of authenticating his or her medical certification. Defendants deny any remaining allegations in Request No. 25.

(Doc. #29, PageID at 629-30).

Request 26 asked Defendants to admit or deny the following:

>When you determine that it is necessary to contact an employee's health care provider for the purpose of clarifying the employee's medical certification, you require the employee to sign a written authorization allowing the employee's health care provider to discuss medical information with you.

Defendants responded with various objections and explained:

>Subject to and without waiving any objections, Defendants admit that after giving the employee an opportunity to cure any deficiencies in a medical certification, a leave administrator or human resources has contacted an employee's health care provider to understand the handwriting on the medical certification or to understand the meaning of a response. Defendants deny that the GDRTA asks such employees to sign a written authorization for the purpose of discussing other types of medical information.  Defendants deny any remaining allegations in Request No. 26.

(Doc. #29, PageID at 630).

Defendants' responses to Requests 25 and 26 each contains a qualified denial and a more general denial.  Although Plaintiffs want a simple admission from Defendants as to each Request, Defendants' denials are sufficient because each response fairly addresses

the substance of each Request.  *See* Fed. R. Civ. P. 36(a)(4).  Consequently, Defendants need not respond further to Plaintiffs' Requests for Admission 25 and 26.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' Rule 36 Motion to Determine Sufficiency of Certain Responses, and to Deem the Requests Admitted (Doc. # 29) is GRANTED, in part, to the extent that Defendants shall, **on or before August 31, 2012**, provide Plaintiffs with an amended answer to Plaintiffs' Request for Admission 16; and

2. Plaintiffs' Rule 36 Motion to Determine Sufficiency of Certain Responses, and to Deem the Requests Admitted (Doc. # 29) is DENIED in all remaining parts.

August 14, 2012

                s/ Sharon L. Ovington
                 Sharon L. Ovington
              United States Magistrate Judge