# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHELE WILKINSON, et al., | : | |
| Plaintiffs, | : | Case No. 3:11cv00247 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| GREATER DAYTON REGIONAL TRANSIT AUTHORITY, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## PROTECTIVE ORDER

Pursuant to Rules 26(c) and 5.2(e) of the Federal Rules of Civil Procedure, in accordance with this Court's inherent power to control the proceedings before it, and for good cause, **IT IS HEREBY ORDERED** as follows:

1. This Protective Order governs the use of information and documents produced through discovery by the parties in the above-captioned case.

2. The terms defined in this paragraph shall have the meaning provided and shall apply throughout this Protective Order.  Defined terms may be used in the singular or plural.

 a. "Producing Party" means the Party or person who produces or who is asked to produce documents or information that contains Protected Information.

 b. "Receiving Party" means the Party receiving or requesting production of documents or information which contains Protected Information.

    c. "Protected Information" means all information, whether or not embodied in a document or other physical medium, which constitutes private or personal identifying information and health information, as defined in this subsection.  Private or personal identifying information means an individual's social security number, credit card number, bank account number, and any financial account information.  Health information means an individual's medical and psychological information to the extent it concerns the individual's physical or mental health condition, treatment, or payment for the provision of health care to the individual.  Protected Information does not include information of any named Plaintiff or any other individual who signs or has signed a waiver of the application of this Protective Order.

    d. "This Litigation" means the lawsuit captioned above, including all related pre-filing negotiations among the Parties, discovery proceedings, hearings, administrative actions, and pre-trial, trial and post-trial activities related thereto.

    e. "Litigation Documents" means all pleadings, motions, affidavits and related papers; answers to interrogatories, document requests, and requests for admissions; all documents produced or exchanged in the course of discovery, settlement negotiations, trial preparation or trial; and all transcripts of testimony given in deposition, in hearings or at trial in connection with this Litigation.

  3. The Parties agree that they shall use Protected Information only for the purposes of this Litigation and only in the manner prescribed herein.

  4. If a Receiving Party intends to disclose information as permitted under Section 8(d) or (e) and/or file information as permitted under Section 12 and the Receiving Party is not able to determine, in good faith, whether the information contains Protected Information, the Receiving

Party may file a Motion seeking the Court's determination of whether the information contains Protected Information.

5. In the event that at any deposition, hearing or trial any party, witness or other person shall disclose any Protected Information, the terms of this Protective Order shall apply to the contents of, or information or documents disclosed at or as part of, that deposition, hearing or trial. Any Party may designate information contained in a transcript as "SUBJECT TO PROTECTIVE ORDER" by notifying counsel for the Receiving Party in writing of any specific pages and lines of the transcript that contain the Protected Information. Access to and use of the testimony designated "SUBJECT TO PROTECTIVE ORDER" shall be limited pursuant to the terms of this Protective Order. The Producing Party will act in good faith in designating information as Protected, and any dispute regarding said designation will be resolved in accordance with the provisions of paragraph 6, below.

In the event that any question at hearing or trial would require a witness to divulge or discuss Protected Information designated, a Party may move the Court to restrict access to the hearing or trial in a manner consistent with Federal law and the Federal Rules of Civil Procedure.

6. Any Party may object to the designation of particular material as Protected Information by giving written notice to all other parties. Such written notice shall identify the material to which the objection is directed and the basis for the objection. If the parties are unable to resolve their differences informally, the objecting party may file an appropriate motion requesting that the Court order that the disputed material shall not be subject to the protection of this Protective Order. The designating party shall then have the burden of establishing the

purpose for protecting the disputed material. The disputed material shall remain subject to all terms of this Protective Order until the parties agree or the Court rules otherwise.

      7. No Receiving Party shall make or permit the making of more copies of any Protected Information than are reasonably necessary for the conduct of litigation of this case.

      8. Protected Information may be disclosed by the Receiving Party only to the following persons:

         a. counsel employed by the Receiving Party to assist in this Litigation; the attorneys, paralegals, legal assistants, and clerical employees in the respective law firms of such counsel who are assisting in this Litigation; and the personnel supplied by any independent contractor with whom such attorneys work in connection with this Litigation (including copying and litigation support service personnel);

         b. all Receiving Parties, and their affiliates, directors, officers, managers, representatives, insurers, and employees, including in-house counsel, as outside counsel for that party deems necessary for the sole purpose of assisting in this Litigation;

         c. any outside consultant or expert who is assisting counsel or a party to this Litigation to whom it is necessary to disclose Protected Information for the sole purpose of assisting in or consulting with respect to the preparation of this Litigation;

         d. persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to testify or prepare to testify (such persons shall not retain or copy the Protected Information, or portions of the transcript of their depositions that contain the Protected Information, if such information was not provided by them or the entities they represent);

         e. the Court and any members of its staff to whom it is necessary to disclose

Protected Information for the purpose of assisting the Court in this Litigation; and

      f. court reporters recording or transcribing testimony relating to this Litigation.

9. Prior to the disclosure of any Protected Information to any person identified in paragraphs 8(c) or 8(d) above, such person shall be provided with a copy of this Order, which he or she shall read before signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and shall abide and be bound by its terms. Outside counsel for the Party obtaining such signed Certifications shall maintain them in a file and shall make the file available upon request. Persons who come into contact with Protected Information solely for clerical or administrative purposes (e.g., copy services), and who do not retain copies or extracts thereof, are not required to execute Certifications.

10. No Party or person to whom Protected Information is disclosed or made available shall use or disclose such information, documents or their contents for any purpose except in connection with this Litigation, and as permitted by and subject to this Protective Order.

11. Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any discovery request made in this Litigation. The execution of this Protective Order shall not be construed as an agreement by any Party to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in this Litigation nor admissible as evidence at trial. Further, the provisions of this Protective Order shall not constitute a waiver at any time, in any proceeding related to the matters referenced herein, of any privilege, including without limitation the attorney-client or work product privilege, which a Party may possess.

12. All documents containing Protected Information that are filed with or otherwise

submitted to the Court shall either (a) have the Protected Information redacted from them or (b) file a Motion seeking a Court Order directing the Clerk of Court to place the Protected Information under seal. Protected Information contained in documents that are placed under seal shall not be disclosed except as provided in this Protective Order. All such Protected Information to be filed with or submitted to the Court shall be conspicuously marked "SUBJECT TO PROTECTIVE ORDER" and accompanied by a written Motion that the materials be placed under seal.

13. The inadvertent failure by a party to file any Protected Information with the Court under seal, and marked as set forth in this Protective Order, in no way alters or waives the protected nature of the material, which remains subject to the restrictions and limitations set forth in this Protective Order.

14. Nothing in this Protective Order shall be deemed to preclude the admission into evidence of this Litigation the documents subject to this Order, and the Parties herein have reserved all rights to seek admission into evidence of such materials, or to object to the admissibility of such materials, subject to the terms of this Order.

15. Unless otherwise agreed by the Parties, within thirty (30) days after the final termination of this Litigation, whether by dismissal, settlement, judgment, decision on appeal, or otherwise, all originals and copies of Protected Information shall be destroyed or returned by the Receiving Party to counsel for the Producing Party. This Protective Order, however, does not require any Party to disassemble court documents or depositions. All such retained court records or depositions shall continue to be subject to the terms of this Protective Order.

16. Protected Information shall not be used in any other litigation or proceeding in any

way. If any Protected Information, or data obtained, derived or generated therefrom, is sought through discovery or otherwise from the Receiving Party by any other party in any other litigation or proceeding, the Receiving Party agrees to maintain all such materials as protected in accordance with the terms of this Protective Order and S.D. Ohio Civ. R. 79.2.

      17. The Court shall retain jurisdiction following the termination of this Litigation for enforcement of the provisions of this Protective Order and any orders entered pursuant to it.

IT IS SO ORDERED.

August 14, 2012

                                      s/Sharon L. Ovington
                                      Sharon L. Ovington
                                United States Magistrate Judge

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHELE WILKINSON, et al., | : | |
| Plaintiffs, | : | Case No. 3:11cv00247 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| GREATER DAYTON REGIONAL TRANSIT AUTHORITY, et al., | : | |
| | : | **CERTIFICATION** |
| Defendants. | : | |

    The undersigned hereby acknowledges that he or she has carefully read the Protective Order filed in the above-captioned action on _____, 2012, understands the terms thereof, and agrees to comply with all of the provisions of the Order.  The undersigned will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any Protected Information which he or she receives in this action, except to the extent that such information is or becomes public information in accordance with the Protective Order.

    The undersigned further agrees to submit to the jurisdiction of the Court and understands that the Court may impose sanctions for any intentional violation of the Protective Order.

    The undersigned declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____  
Date

_____  
Signature

_____  
Name (typed or printed)

Address:

_____  
_____  
_____