IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHELE WILKINSON, et al., | : | |
| Plaintiffs, | : | Case No. 3:11cv00247 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| GREATER DAYTON REGIONAL<br>TRANSIT AUTHORITY, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## DECISION, ENTRY, AND ORDER

### I.  Introduction

This Family and Medical Leave Act case is before the Court upon Plaintiffs' Motion To Compel Production Of Documents And For In Camera Review (Doc. #s 57, 58), Defendants' Response In Opposition (Doc. # 67), Plaintiffs' Reply (Doc. # 70), Defendants' Motion For Leave To File Sur-Reply (Doc. #71), and the record as a whole.

Plaintiffs seek an Order, under Fed. R. Civ. P. 37, compelling Defendants to produce the documents that they have withheld and identified in 70 (out of 72) entries in their privilege log. Plaintiffs alternatively seek an in camera review of the withheld documents in the event the Court cannot determine from the face of the privilege log whether Defendants must produce the documents.

Defendants contend that the motion must be denied because Plaintiffs filed their motion without exhausting first all extrajudicial means of resolving the present discovery dispute. Defendants also argue that (1) Plaintiffs' motion is completely unsupported, and (2) Plaintiffs have failed to show that an in camera review is necessary or an appropriate use of judicial resources. Defendants further seek an award of their fees under Fed. R. Civ. P. 26(g)(3) and 37(a)(5)(B), and 28 U.S.C. §1927.

Plaintiffs' Reply asserts (in part) that Defendants have acted in bad faith. Plaintiffs therefore seek an award of their reasonable fees incurred in connection with the present discovery dispute.

## II. **Background**

Defendants explain that in response to Plaintiffs' discovery requests, Defendants have made over 160,000 pages of documents available to Plaintiffs for inspection and copying, thus far in this case. (Doc. #67, PageID at 1222).

Defendants have declined to produce certain document to Plaintiffs based on the attorney-client privilege and the work-product doctrine. On or near June 15, 2012, Defendants provided Plaintiffs' counsel with a privilege log identifying 72 categories of documents that Defendants withheld based on attorney-client privilege or under the work-product doctrine.

Plaintiffs' counsel responded by email in late June 2012, raising three objections: (1) many of the documents withheld as attorney work product "do not appear to have been prepared in anticipation of litigation"; (2) several of entries on the privilege log

"appear to relate to draft documents, or to documents provided to counsel for 'attorney advice'"; and (3) "[s]everal documents on the list do not list the parties to the communication or the author of the communication." (Doc. #58, PageID at 1116-17). Plaintiffs' counsel asked Defendants to make available the "documents for which Defendants have failed to substantiate a privilege...," or alternatively, to "update their privilege log to provide sufficient information to establish a privilege." *Id*., PageID at 1118. Defendants chose the latter course of action.

On July 12, 2012, Defendants' counsel responded by email re-asserting the validity of their original privilege log and providing a revised privilege log "in the interests of compromise." (Doc. #58, PageID at 1114, 1124).

Plaintiffs' counsel reviewed the revised privilege log and concluded that it "remained largely insufficient to support the claimed attorney client privilege and work product doctrine protections as to certain documents." (Doc. #58, PageID at 1114). Yet, rather than discussing the revised privilege log with Defendants' counsel, Plaintiffs' counsel filed the presently pending Motion to Compel on August 14, 2012. Plaintiffs' Motion to Compel contested Defendants' first revised privilege log – i.e., the one Defendants produced on July 12, 2012 – and Plaintiffs' attached a copy of it to their Motion to Compel.

At some point, Defendants created a second revised privilege log. Defendants rely on their second revised privilege log and have attached a copy of it to their Memorandum in Opposition. (Doc. #67, PageID at 1249-60).

Plaintiffs' Reply reiterates their position that the first revised privilege log – i.e., the one Defendants provided on July 12, 2012 – is the focus of their Motion to Compel. They state, "[T]his reply brief focuses on ... the insufficiencies of Defendants' first revised privilege log. That log is attached to Plaintiffs' motion and which is at issue here. Plaintiffs decline the invitation by Defendants to address a document (i.e., the second revised privilege log) that did not exist when Plaintiffs' motion was filed and thus was not challenged by the motion." (Doc. #70, PageID at 1269). Plaintiffs "decline the invitation by Defendants to address a document (i.e., the second revised privilege log) that did not exist when Plaintiffs' motion [to compel] was filed and thus was not challenged by the motion." *Id*.

### III. Discussion

Plaintiffs contend that Defendants must produce the documents they withheld under the first privilege log, even though Defendants have since revised their privilege log for a second time. Plaintiffs' contention is problematic for several reasons. First, Plaintiffs' counsel did not make a reasonable effort to exhaust all extrajudicial means of resolving the present discovery dispute – the one focused on the July 12, 2012 privilege log – before filing their Motion to Compel. Rule 37.1 of the Southern District of Ohio Civil Rules not only mandates counsel to take such measures, it contemplates an interactive process between counsel to resolve discovery disputes without judicial intervention. This appears in the plain language of Rule 37.1, which states, "Objections, motions, applications, and requests relating to discovery shall not be filed in this Court,

under any provision in Fed. R. Civ. P. 26 or 37, unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences...."

The single email Plaintiffs' counsel sent to Defendants' counsel in June 2012 did not constitute a reasonable effort to exhaust all extrajudicial means of resolving the parties' present dispute. Even though Plaintiffs' counsel had the same, or similar, objections to the first revised privilege log, his single effort – one email – was the least he could have done (except for not doing anything) to extrajudicially resolve his objections. Plaintiffs' counsel's affidavit, moreover, does not describe any attempt – not one phone call; not one email – to resolve his differences with Defendants' first revised privilege log after he received it on July 12, 2012. Because Plaintiffs' counsel did not contact Defendants' counsel after July 12, 2012 in an attempt to extrajudicially resolve the parties' over Defendants' first revised privilege log, Plaintiffs' counsel failed to make a reasonable effort to exhaust all extrajudicial means of resolving the parties' dispute and likewise failed to engage in an interactive process with Defendants' counsel in an attempt to resolve their discovery dispute without judicial intervention. To the extent Plaintiffs' counsel believes that such an effort would have been futile, it must be recognized that Defendants' choice to provide a first revised privilege log, rather than file a motion for protective order, constituted a good-faith attempt to address Plaintiffs' objections and to resolve the parties' dispute over the original privilege log without judicial intervention.

Second, Plaintiffs' insistence on obtaining documents based on the asserted insufficiencies in Defendants' first revised privilege log asks the Court to overlook or

ignore the further revisions Defendants have made in the second revised privilege log.
Yet, doing so would ignore significant additional and specific information Defendants
have provided about the withheld documents. This much is seen in a review of
Defendants' second revised privilege log because it contains more specific information
than the first privilege log in many of the entries in the "description" and the "parties
to/authors of communications" categories. *Compare* Doc. #58, PageID at 1126-32 *with*
Doc. #67, PageID at 1249-60). For this reason, Defendants' second revised privilege log
effectively supercedes their first revised privilege log and moots the parties' dispute over
the first revised privilege log.

Third, the cases on which Plaintiffs rely in support of their focus on the first
revised privilege log did not involve the circumstances similar to those involved here.
Plaintiffs' cases do not demonstrate that it is appropriate to compel a party to produce
documents withheld under a privilege log that is superceded, and rendered moot, by a
revised privilege log that provides additional and more specific information. At best for
Plaintiffs, their cases merely confirm the Court's authority to order document production
based on insufficient information in a privilege log when that privilege log has not been
superceded and rendered moot by a later-issued and revised privilege log. *See, e.g.,
Christman v. Brauvin Realty Advisors, Inc.*, 185 F.R.D. 251 (N.D. Ill. 1999); *Skurka
Aerospace, Inc. v. Eaton Aerospace, LLC*, 2011 WL 5008571 (N.D. Ohio 2011).

Lastly, both Plaintiffs and Defendants seek to recover their attorney fees in
connection with this discovery dispute. Plaintiffs are not entitled to a fee award for the

reasons stated above. Defendants are not entitled to a fee award because their second revised privilege log, with additional and more specific information, did not exist at the time Plaintiffs filed their Motion to Compel.

For all the above reasons, Plaintiffs are not entitled to an Order compelling Defendants to produce the documents that they withheld under their first revised privilege log, and an in camera review of those documents is unwarranted.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' Motion To Compel Production Of Documents And For In Camera Review (Doc. # 57) is DENIED; and

2. Defendants' Motion For Leave To File Sur-Reply (Doc. # 71) is DENIED as moot.

October 19, 2012            s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge