IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHELE WILKINSON, et al., | : |
| Plaintiffs, | : |
| vs. | : Case No. 3:11cv247 |
| GREATER DAYTON REGIONAL TRANSIT AUTHORITY, et al., | : JUDGE WALTER H. RICE |
| | : |
| Defendants. | |

ENTRY JOURNALIZING RESULTS OF TELEPHONE CONFERENCE HELD BETWEEN COURT AND COUNSEL ON MARCH 7, 2013; FURTHER PROCEDURES REQUESTED OF COUNSEL; PENDING MOTION FOR CLASS CERTIFICATION (DOC. #23) OVERRULED WITHOUT PREJUDICE TO RENEWAL OR AMENDMENT, AT THE CLOSE OF DISCOVERY ON THE CLASS CERTIFICATION ISSUES; CONFERENCE CALL TO BE CONVENED AFTER SAID FURTHER PROCEDURES ARE COMPLETED

On March 7, 2013, this Court convened a telephone conference between Court and counsel. At said conference, the following matters were discussed and agreed upon:

1. Not later than 30 days from March 7, 2013, counsel, having conferred, will submit a jointly prepared Rule 26(f) case management plan to this Court. Said case management plan should include, inter alia, both a date for the conclusion of class certification discovery, as well as a discovery schedule leading to that conclusion date. Should the parties not be able to agree on certain aspects of the Rule 26(f) case management plan, the position of each, together with a brief explanation of the

reason(s) for said position or positions must be set forth.

2.    Following the submission of the above referenced Rule 26(f) case management plan, the Court will convene a telephone conference call to resolve any differences and to set a trial date and other dates leading to the resolution of this litigation, including the Plaintiffs' class action allegations.

3.    It is to be emphasized that the Rule 26(f) case management plan must include all aspects of such a plan, ordinarily prepared as a predicate for a pretrial conference with this Court, in addition to which there is to be set forth a detailed discovery plan on the class certification issues, indicating what needs to be done, the sequencing of same and dates for the completion of each phase of class certification discovery.

4.    Given that discovery on the class certification issue has not only not been completed, but has "a ways to go," and, further, given that discovery may well modify, either by increasing or decreasing, the scope of the Plaintiffs' request for class certification, the pending Motion for Class Certification (Doc. #23) is overruled, without prejudice to renewal in either its initial or in an amended form, following the conclusion of class action/certification discovery.

March 7, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record