# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MICHELE WILKINSON, *et al.*,        :

      Plaintiffs,        :        Case No. 3:11cv00247

 vs.        :        District Judge Walter Herbert Rice
                              Chief Magistrate Judge Sharon L. Ovington

GREATER DAYTON REGIONAL        :
TRANSIT AUTHORITY, *et al.*,
                          :

      Defendants.

                          :

# REPORT AND RECOMMENDATIONS[1]

        This Family and Medical Leave Act (FMLA) case is before the Court upon Plaintiffs' Motion To Dismiss Plaintiffs Brian Gray and Rocquel Mitchell as Named Plaintiffs/Putative Class Representatives (Doc. # 92), Defendants' Response (Doc. # 96), Plaintiffs' Reply (Doc. # 99), and the record as a whole.

        Plaintiffs explain that Gray and Mitchell are no longer employed by Greater Dayton Regional Transit Authority (GDRTA). Partly because of this, Plaintiffs seek dismissal of Gray and Mitchell as the named/putative class representatives. Plaintiffs point out that Gray and Mitchell did not cooperate with Plaintiffs' counsel in responding to Defendants' second

---

      [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

interrogatories and document requests and failed to communicate with Plaintiffs' counsel. Plaintiffs assert that this failure to communicate "demonstrates that neither [Gray nor Mitchell] any longer has an interest in participating in this case in the capacity of a named plaintiff/putative class representative." (Doc. #92, PageID at 1633).

Plaintiffs seek dismissal of Grey and Mitchell without prejudice to their right to participate as class members in the event a class is certified, and they meet all class criteria.

"GDRTA does not oppose Plaintiffs' motion to dismiss Gray and Mitchell." (Doc. #96, PageID at 1881). GDRTA, however, asks the Court to exercise its discretion and dismiss with prejudice the claims asserted by Gray and Mitchell. In the event the dismissal of Gray and Mitchell is without prejudice, GDRTA seeks an award of the attorney fees and costs it incurred in defending against the claims of Gray and Mitchell.

Defendants rely on Fed. R. Civ. P. 41(a)(2), which provides, in part, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court deems proper...." To hone in on their request for dismissal with prejudice, Defendants begin with Rule 41(a)(2)'s primary purpose:

> The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.
>
> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take

2

a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted). Defendants argue that these factors favor dismissal with prejudice because the case has been pending for two years, and because GDRTA has expended many thousands of dollars investigating and answering Gray's and Mitchell's claims, defending against discovery disputes, identifying and logging privileged communications concerning Gray and Mitchell, and preparing for depositions and summary judgment. Defendants emphasize that GDRTA was forced to defend against Plaintiffs' motion for an injunction on behalf of Gray and Mitchell.

Plaintiffs respond by also pointing to Rule 41(a)(2) and contending that dismissal of Gray and Mitchell without prejudice is warranted because Defendants will not suffer plain legal prejudice.

Rule 41(a)(2) would appear to be the analytical starting point. But the plain language of Rule 41(a)(2) trips-up both sides. Rule 41(a)(2) describes the Court's authority to voluntarily dismiss "an action ...." But in the present situation, Plaintiffs' counsel does not seek the voluntary dismissal of an action, or even part of an action. Plaintiffs' counsel instead seeks to merely remove Gray and Mitchell as named plaintiffs/putative class representatives, thus leaving them free to join (or not) a class, if one is created, as long as they meet the class criteria. Viewed this way, the force of Rule 41(a)(2) simply plays no role because no action will be dismissed by removing Gray and Mitchell as named

3

plaintiff/putative class representatives.

Plaintiffs' Motion to Dismiss is more akin to a tactical withdrawal of Gray and Mitchell, rather than a Rule 41(a)(2) dismissal of them as named plaintiffs/putative class representatives. Perhaps Plaintiffs' counsel believes that by dropping the unenthusiastic Gray and Mitchell as putative class representatives, Plaintiffs' pending Amended Motion for Class Certification would be strengthened by leaving only enthusiastic putative class representatives. *See* Fed. R. Civ. P. 23(a)(4) (party seeking class certification must show, in part, "the representative parties will fairly and adequately protect the interests of the class."). Regardless, the Court has not approved a class or class representatives. It therefore seems unnecessary for Plaintiffs to gain the Court's imprimatur in order to withdraw Gray and Mitchell from their current status as unappointed yet possible class representatives of a class that does not yet exist. *See* Fed. R. Civ. P. 23(e) ("The claims issues, or defenses of a **certified class** may be ... voluntarily dismissed ... only with the court's approval." (emphasis added)).

In addition, dismissal of Gray and Mitchell with prejudice would be improper at this point because Plaintiffs' Motion to Dismiss was not served on them. Lack of service means lack of notice, creating a due-process hurdle that stands in the way of dismissing Gray and Mitchell with prejudice. As Plaintiffs point out, "Neither Gray nor Mitchell has expressly authorized Plaintiffs' counsel to seek a dismissal with prejudice of their individual claims; their consent to dismissal is tacit." (Doc. #99, PageID at 1897). In this situation, providing

4

Gray and Mitchell with notice and an opportunity to be heard must occur before an Order could issue dismissing them with prejudice.

GDRTA points out that it has expended many thousands of dollars related to Gray's and Mitchell's claims including, in part, investigating, answering, producing thousands of documents, and identifying and logging privileged communications concerning Gray and Mitchell. GDRTA emphasizes that it was forced to defend against Plaintiffs' motion for injunction on behalf of Gray and Mitchell. Pointing to these circumstances and relying on *Ali v. Saint John Hospital*, No. 87-187, 1987 WL 30582 (6th Cir. Dec. 30, 1987), Defendants contend, "Under these circumstances, the Sixth Circuit has made clear that a plaintiff's claims should be dismissed with prejudice." (Doc. #96, PageID at 1882).

*Ali*, however, illustrates the authority and usefulness of Rule 41(a)(2) when one party seeks voluntary dismissal after too much litigation has been wrapped up. In *Ali*, the summary-judgment stage had come and gone by the time the plaintiff sought Rule 41(a) dismissal, and the district court had already dismissed nine out of ten counts as meritless. The district court's dismissal without prejudice thus "pave[d] the way for Ali to take a 'second bite of the apple' as to those counts." *Ali*, No. 87-187, 1987 WL 30582 at *8. To stop this outcome, and because the defendant had expended significant resources, the Sixth Circuit held that it was an abuse of discretion to dismiss without prejudice. *Id*.

The present case is distinguishable for at least two reasons. First, *Ali* was not a class action where a plaintiff no longer wanted to act as a named plaintiff/putative class member,

5

as here. Second, unlike the present case where no action is being dismissed, Rule 41(a) applied in *Ali* because the plaintiff sought to dismiss his federal <u>action</u> without prejudice to the remaining count. *Id*. at *1.

Lastly, Defendants' request for attorney fees and costs, in the event Gray and Mitchell are dismissed without prejudice, is built on the same problematic foundation discussed above – specifically, Defendants rely on cases involving voluntary dismissal of an "action." Borrowing Defendants' cites and parenthetical explanations confirms the point. Defendants set forth their cites as follows: "*Smoot v. Fox*, 353 F.2d 830, 831 (6th Cir. 1965) (When courts do permit <u>actions</u> to be dismissed without prejudice, '[t]he cases permit allowance of attorney's fees against the dismissing party.'); *Dorsey v. Commonwealth Land Title Insurance Company*, No. 1:08-cv-1103 (N.D. Ohio Nov. 24, 2008) ('courts commonly award costs and attorney fees to defendants where plaintiffs dismiss their <u>cases</u> **without** prejudice.')." (Doc. #96, PageID at 1884-85) (underline added; bold in original).

While there may or may not be another non-Rule 41(a)(2) basis for Defendants to seek an award of attorneys fees, Rule 41(a)(2) and the cases on which Defendants rely do not support an award of attorney fees.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiffs' Motion To Dismiss Plaintiffs Brian Gray and Rocquel Mitchell as Named Plaintiffs/Putative Class Representatives (Doc. # 92) be DENIED as unsupported by Rule 41(a)(2) and due to lack of service upon Plaintiffs Gray and Mitchell. Upon further development of the record, Plaintiffs Gray and Mitchell should be permitted to remain eligible to seek to proceed as potential class members or potential class representatives.

    2.       Defendants' request for attorney fees and costs be DENIED.


November 19, 2013

s/Sharon L. Ovington
Sharon L. Ovington
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).