# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHELE WILKINSON, *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:11cv00247 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| GREATER DAYTON REGIONAL TRANSIT AUTHORITY, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

# ORDER

## I.  Introduction

The parties' present discovery dispute is before the Court upon Defendant Greater Dayton Regional Transit Authority's (GDRTA's) Motion to Compel Plaintiffs to Produce a Revised Log of Redacted and Withheld Documents, or, in the Alternative, for In Camera Inspection of the Documents Identified on the Log (Doc. #154), Plaintiffs' Response (Doc. #156), Defendant's Reply (Doc. #158), and the record as a whole.

## II.  Prior Decision and Entry

The parties disagree over the impact District Judge Walter H. Rice's recent Decision and Entry has on whether Plaintiffs must revise their log of redacted or withheld documents or submit the pertinent documents for *in camera* review.  The starting point, therefore, is

Judge Rice's Decision and Entry, and several of its holdings.

Judge Rice initially identifies FMLA-leave related information that is discoverable:

> By alleging that Defendant wrongfully charged them for absences that should have been designated as FMLA leave, and discipline them for "misuse" of FMLA leave, Plaintiffs have clearly put their health conditions at issue.... [I]nformation concerning the health conditions that gave rise to the need for FMLA leave is relevant and discoverable....
>
> Medical records related to the health conditions that allegedly gave rise to the need for FMLA leave therefore "fall within the ambit of discoverable information."

(Doc. #142, PageID at 3144-45) (quoting, in part, *Weimer v. Honda of Am. Mfg., Inc.*, No. 2:06-cv-844, 2008 WL 1775522 (S.D. Ohio April 17, 2008)).

Judge Rice further addressed the potential discovery of information about other health conditions:

> Plaintiffs have alleged that Defendant "wrongfully charged the Plaintiffs and other similarly situated GDRTA employees with violations such as absenteeism and/or misuse of medical leave provided by the FMLA." In this respect, information about health conditions other than those that gave rise to the requests for FMLA leave may be relevant and discoverable.

(Doc. #142 at 3146-47) (internal citation omitted).

After reviewing case law and the at-issue document requests by Defendant, Judge Rice summarized and specified:

> Defendants are certainly entitled to all communications and documents, including medical records, related to the health conditions for which Plaintiffs sought FMLA leave. However, with respect to communications and medical records *unrelated* to the health conditions for which Plaintiffs sought FMLA leave during the applicable time period, more discretion is required. Plaintiffs' counsel shall procure the records, review them, and produce those deemed relevant and discoverable. Plaintiffs' counsel shall indicate the nature of any

2

> records not produced, and of any redactions, and state the reason for not producing them. At that point, any conflicts of opinion can be resolved by the Magistrate Judge through an *in camera* inspection.

(Doc. #142 at 3149-50).

### III. <u>Discussion</u>

Plaintiffs' log indicates that the reason for redacting many of the documents was that each "[c]oncerns medical condition unrelated to FMLA." (Doc. #154 at 3270-76). As to the documents that Plaintiffs withheld from production, their log indicates that each "[w]holly concerns medical information unrelated to FMLA." *Id*. Their log contains no other information (other than identifying numbers) about the redacted or withheld documents.

GDRTA mainly contends that Plaintiffs must produce a revised log because the information it presently contains fails to comply with Judge Rice's Decision. Defendants therefore seek an Order requiring Plaintiffs to revise their log or, alternatively, submit the documents it lists for *in camera* inspection.

Plaintiffs mainly argue that their log complies with Judge Rice's Decision. They further argue that GDRTA has not presented any objective evidence to show that the redacted or withheld materials are relevant and discoverable. Plaintiffs therefore conclude that there is no reason to compel a revised log or an *in camera* inspection.

The parties' many arguments concerning the impact Judge Rice's Decision has on Plaintiffs' log are overshadowed by one main issue: Whether the documents listed in Plaintiffs' log contain information that is relevant and discoverable under Judge Rice's Decision and Fed. R. Civ. P. 26(b)(1). To resolve this issue in a just and speedy manner,

3

without causing prejudice to Plaintiffs or GDRTA, and to adequately protect Plaintiffs' privacy interests in information about their health conditions and medical records – particularly regarding their "other" health conditions (Doc. #142 at 3147) – the most efficient discovery-management procedure will be to conduct an *in camera* inspection of the documents listed in Plaintiffs' log.

### IT IS THEREFORE ORDERED THAT:

1. GDRTA's Motion to Compel (Doc. #154) is GRANTED in part.  **On or before January 2, 2015**, Plaintiffs shall file under seal for *in camera* inspection unredacted copies of the documents, including the withheld documents, listed in their presently disputed log of redacted and withheld documents.[1]  Plaintiffs shall include in the documents they submit under seal for *in camera* inspection all responsive and redacted or withheld documents concerning Alicia Washington, Rocquel Mitchell, and Michele Wilkinson; and

2. GDRTA's Motion to Compel (Doc. #154) is DENIED in remaining part as moot.

December 16, 2014

                                      s/Sharon L. Ovington
                                      Sharon L. Ovington
                            Chief United States Magistrate Judge

---

[1] Plaintiffs do not need to serve copies of the unredacted and withheld documents on Defendants unless and until otherwise ordered by the Court.