# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHELE WILKINSON, *et al.*,         :

    Plaintiffs,         :    Case No. 3:11cv00247

 vs.         :    District Judge Walter Herbert Rice
                                                    Chief Magistrate Judge Sharon L. Ovington

GREATER DAYTON REGIONAL         :
TRANSIT AUTHORITY, *et al.*,
                                               :

    Defendants.

# ORDER

    This case is before the Court upon Defendant Greater Dayton Regional Transit Authority's Motion to Amend Case Schedule (Doc. #160), Plaintiffs' Response and Amended Response (Doc. #s 161, 162), Defendant's Reply (Doc. #168), Plaintiffs' Motion to Stay Deadline to File Second Amended Motion for Class Certification and Appointment of Class Counsel (Doc. #165), and the record as a whole.

    Defendant seeks an extension of the class-wide discovery deadline to 90 days after Plaintiffs produce additional medical records. The Order addressing those medical records set February 9, 2015 as the deadline for Plaintiffs to produce documents. (Doc. #170, PageID at 4499). Although an extension of the deadline to complete class-wide discovery is warranted, a 90-day extension is excessive. Given what remains to be accomplished by the parties to conclude the class-certification-discovery phase of this case, a 60-day extension is

reasonable.

Turning to Plaintiffs' Motion to Stay, Judge Rice set the following deadline for Plaintiffs to file their Second Amended Motion for Class Certification and Appointment of Class Counsel:

> Once this Court receives notice from the United States Magistrate Judge, the judicial officer overseeing class-wide and merit-based discovery in the captioned cause, that class-wide discovery has been completed, Plaintiff will have fourteen days thereafter to file a Second Amended Motion for Class Certification and Appointment of Class Counsel, either in its original form, an amended or altered form, as class-wide discovery has indicated.

(Doc. #133, PageID at 3046). The specific deadline for Plaintiffs to file their Second Amended Motion for Class Certification and Appointment of Counsel has yet to be set because class-wide discovery has not been completed and the notice anticipated by Judge Rice's Decision and Entry has yet to issue. Plus, in light of this Order, time remains for the parties to Complete class-wide discovery and, hence, for Plaintiffs to file their Second Amended Motion for Class Certification and Appointment of Class Counsel. Accordingly, Plaintiffs' Motion to Stay is moot.

Lastly, Defendant seeks 60 days to respond to Plaintiffs' Second Amended Motion for Class Certification and Appointment of Counsel. Good cause does not exist at present for such an extension. Although Plaintiffs have previously filed a Motion and an Amended Motion for Class Certification, their Second Amended Motion has yet to be filed. It is, therefore, guesswork to assume that Defendant will need a 60-day extension of time to file a response to Plaintiffs' upcoming Second Amended Motion for Class Certification and

Appointment of Counsel.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Greater Dayton Regional Transit Authority's Motion to Amend Case Schedule (Doc. #160) is GRANTED, in part, to the extent Defendant seeks an extension of the discovery deadline, and DENIED in remaining part;

2. The parties shall complete class-wide discovery by **April 10, 2015**; and

3. Plaintiffs' Motion to Stay Deadline to File Second Amended Motion for Class Certification and Appointment of Class Counsel (Doc. #165) is DENIED as moot.


February 23, 2015

                                         s/Sharon L. Ovington
                                         Sharon L. Ovington
                             Chief United States Magistrate Judge