IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHELE WILKINSON, et al.,

    Plaintiffs,

v.

GREATER DAYTON REGIONAL
TRANSIT AUTHORITY,

    Defendant.

Case No. 3:11-cv-247

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' SECOND
AMENDED MOTION FOR CLASS CERTIFICATION AND
APPOINTMENT OF COUNSEL (DOC. #178); OVERRULING AS MOOT
DEFENDANT GREATER DAYTON REGIONAL TRANSIT AUTHORITY'S
MOTION TO STRIKE PLAINTIFFS' NEW CONTENTIONS AND
EVIDENCE RAISED IN THEIR REPLY IN SUPPORT OF CLASS
CERTIFICATION (DOC. #185); GIVING PLAINTIFFS LEAVE TO FILE A
THIRD AMENDED MOTION FOR CLASS CERTIFICATION AND
APPOINTMENT OF COUNSEL WITHIN 7 DAYS; RESCHEDULING
JANUARY 19, 2016, CONFERENCE CALL; SETTING FORTH
ADDITIONAL PROCEDURES

---

Plaintiffs Michele Wilkinson, Della Aydelott, Shalonda Egler, Doug Stauter, and Rocquel Mitchell, on behalf of themselves and other similarly situated current and former employees of the Greater Dayton Regional Transit Authority ("GDRTA") filed suit against GDRTA, alleging numerous violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and seeking injunctive relief, compensatory and liquidated damages.

This matter is currently before the Court on Plaintiffs' Second Amended Motion for Class Certification and Appointment of Class Counsel, Doc. #178, and on Defendant GDRTA's Motion to Strike Plaintiffs' New Contentions and Evidence Raised in Their Reply in Support of Class Certification, Doc. #185. For the reasons stated below, the Court overrules both motions, and gives Plaintiffs leave to file a Third Amended Motion for Class Certification and Appointment of Counsel within seven days of this Decision and Entry. The conference call, currently scheduled for January 19, 2016, will be continued to January 26, 2016. During that call, the Court will discuss additional proceedings.

I. **Background and Procedural History**

On December 14, 2012, Plaintiffs filed their Second Amended Complaint in Class Action, Doc. #79. The first paragraph of that pleading stated:

> Plaintiffs bring this action under the FMLA on behalf of themselves and all other current and former employees of GDRTA who have been terminated, disciplined, discriminated against, and otherwise adversely affected for exercising their rights by defendant in defendant's policies, patterns and practices to interfere, restrain, and/or deny the exercise or the attempt to exercise the Plaintiffs' rights under the FMLA.

Doc. #79, PageID#1365. Paragraph 127 of the Second Amended Complaint included the following statement with respect to the proposed class:

> Plaintiffs bring this as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of themselves and all similarly situated persons for a class of current and former employees of GDRTA who were 'eligible' within the meaning of 29 U.S.C. §2611(2)(A), and who applied for, been denied, disciplined,

2

terminated or otherwise had their rights under the FMLA interfered with or who were retaliated against for their exercise of rights under the FMLA.

*Id.* at PageID#1380.

Plaintiffs also proposed six subclasses, consisting of the following:

a) <u>Discipline/Termination under Absenteeism Policy</u>: All current or former GDRTA employees who, within the applicable limitations period, were terminated[,] disciplined or otherwise suffered adverse employment actions based upon discipline and/or termination under defendant's absenteeism policy where the exercise of rights under the FMLA was interfered with or denied.

b) <u>Recertification</u>: All current or former GDRTA employees who, within the applicable limitations period, were required to obtain re-certification, within the twelve month period where the healthcare provider set forth a minimum period of time in the medical certification.

c) <u>Second and Third Opinions</u>: All current or former GDRTA employees who, within the applicable limitations period, were required to obtain a second and/or third opinion without a reason to doubt the validity of the medical certification, not provisionally approved for leave pending the second opinion process, second or third opinions performed by regularly used healthcare providers, not provided a copy of these opinions within two business days, and whose medical leave was denied and/or restrained by defendant.

d) <u>Medical Certification</u>: All current or former GDRTA employees within the applicable limitations period, whose medical certifications were found insufficient and whose rights under the FMLA were denied and/or restrained by defendant.

e) <u>Notification of Foreseeable Leave</u>: All current or former GDRTA employees within the applicable limitations period, whose rights under the FMLA were denied and/or restrained by defendant because defendant would not accept their notification of a foreseeable medical leave of absence.

f) <u>Miscalculation of Eligible Hours</u>: All current or former GDRTA employees who, within the applicable limitations period, have

3

>exercised rights under the FMLA where defendant ha[s] miscalculated the eligible number of hours under intermittent leave and worked in excess of forty hours per week.

*Id.* at PageID##1380-81.[1]

In September of 2014, following protracted discovery disputes and an order requiring Plaintiffs to respond to Defendant's interrogatory asking them to identify "all current and former employees of the GDRTA who you contend 'applied for, [were] denied, disciplined, terminated or otherwise had their rights under the FMLA interfered with or who were retaliated against for their exercise of rights under the FMLA,'" Plaintiffs submitted four lists (Exhibits A-D), consisting of a total of 105 GDRTA employees whose FMLA rights were allegedly violated in four particular ways.[2] Exhibit A consisted of those employees whose medical certifications were deemed insufficient. Exhibit B consisted of those employees whose notification of foreseeable medical leave was rejected by Defendant. Exhibit C consisted of those employees who were required to obtain recertification of their medical conditions. Exhibit D consisted of those employees who were required to obtain a second or third opinion. Doc. #182-7, PageID#5222-44. Discovery on the class certification issue closed on April 24, 2015. *See* 4/6/15 Notation Order.

---

[1] Plaintiffs subsequently abandoned the sixth subclass, concerning miscalculation of eligible hours. *See* Doc. #178, PageID#4586 n.5.

[2] Plaintiffs maintain that the number is actually 106.

4

On June 11, 2015, Plaintiffs filed their Second Amended Motion for Class Certification and Appointment of Class Counsel, Doc. #178. The Preliminary Statement reads as follows:

> The putative class is comprised of current and former RTA employees who were 'eligible' within the meaning of 29 U.S.C. § 2611(2)(A), and who have applied for FMLA leave and benefits during the three years prior to the filing of this action. Defendant's policies and practices impose higher standards on the employees than the FMLA or its Regulations permit and discourage or chill employees from exercising their rights under the FMLA, and the implementation of these policies and practices by Defendant retaliate against employees for exercising, or attempting to exercise, their FMLA rights.

Doc. #178, PageID##4580-81.

In support of their argument that Defendant's policies have discouraged the use of FMLA leave, Plaintiffs allege that "[o]f the 708 employees who have worked for Defendant since 2008, only 321 employees requested FMLA leave after July 20, 2008." *Id.* at PageID#4583. *See also* PageID#4590 (referring to the 321 employees who requested FMLA leave). Inexplicably, the Conclusion of Plaintiff's motion states, "the group of approximately 708 class members identified as the Plaintiff class should be certified as a class action." *Id.* at PageID#4597.

In its Memorandum in Opposition to Plaintiffs' Second Amended Motion for Class Certification and Appointment of Class Counsel, Doc. #182, Defendant argued that class certification was inappropriate for a wide variety of reasons. Defendant further argued that Plaintiffs were impermissibly seeking to alter and expand their definition of the proposed class as set forth in the Second Amended Complaint. Defendant noted that, when asked to identify all putative class

5

members, Plaintiffs identified only 105 employees whose FMLA rights were allegedly violated in one of four ways. *See* Doc. #182-7, PageID##5222-48. Moreover, according to Defendant, Plaintiffs had never before alleged that employees who simply *applied for* FMLA leave had suffered from any alleged violations of the FMLA.

On September 9, 2015, approximately one week *after* Defendant filed its Memorandum in Opposition, Plaintiffs supplemented their previous responses to the interrogatory asking them to identify all putative class members. The amended list now included 321 putative class members. Doc. #184-8.

In their reply brief, Plaintiffs explained that, in responding to the interrogatory at issue, they had "inadvertently overlooked the general category of employees who 'applied' for leave," focusing instead on lists of class members who fell into particular subclasses. Doc. #184, PageID#5453. Plaintiffs denied that they were now attempting to expand the scope of the proposed class. According to Plaintiffs, the proposed class has always included all employees who had applied for FMLA leave. Plaintiffs further argued that Defendant was not prejudiced by the late supplementation, because Defendant always had in its possession a list of all employees who had applied for FMLA leave within the relevant time period. Plaintiffs went on to argue why the proposed general class of 321 employees, and the smaller subclasses of 105 employees should be certified.

This prompted Defendant to file its Motion to Strike Plaintiffs' New Contentions and Evidence Raised in Their Reply in Support of Class Certification.

6

Doc. #185. Defendant argues that Plaintiffs previously sought to represent a class of 105 individuals whose FMLA rights were allegedly violated based on Defendant's responses to specific FMLA leave requests. Defendant maintains that it conducted discovery and developed its defense to Plaintiffs' Motion for Class Certification in accordance with that theory. According to Defendant, once it pointed out the fatal flaws in Plaintiffs' motion for class certification,

> Plaintiffs entirely changed their contentions about who qualifies for membership in the proposed class, and in so doing changed their theory for class certification. They now seek to represent 321 employees as alleged class members. The proposed class now includes all the employees who requested FMLA leave. This is completely different than the class Plaintiffs identified in discovery, which only included specific individuals whose FMLA rights Plaintiffs allege the GDRTA violated.

Doc. #185, PageID#5864.

Defendant argues that the "newly proposed class" fails to meet the requirements for class certification for different reasons than the "original" class. For example, Defendant previously argued that the proposed class could not be ascertained through objective criteria, because individualized fact-finding was required to evaluate class membership. If the class instead consists of *all* employees who applied for FMLA leave, regardless of whether their FMLA rights were subsequently violated, this argument is no longer applicable.

Defendant argues that, because it has not had a fair opportunity to conduct discovery or assert arguments with respect to the newly-expanded proposed class, Plaintiffs' new arguments and contentions should be stricken from the record. It

7

notes that arguments raised for the first time in reply briefs generally should not be considered. *See United States v. Demjanjuk*, 367 F.3d 623, 637-38 (6th Cir. 2004); S.D. Ohio Local R. 7.2(d) (limiting evidence used to support a reply brief to that needed to rebut positions argued in the memorandum in opposition); *City of Fairview Heights v. Orbitz, Inc.*, No. 05-cv-840, 2008 WL 895650, at *3 (S.D. Ill. Mar. 31, 2008) (striking contentions about the proposed class raised for the first time in the reply brief because "[a]t this point, the class definition should not be a moving target").

Defendant then set forth a "brief summary of the substantial arguments and evidence it could have raised opposing class certification" with respect to the "newly identified putative class members." Doc. #185, PageID##5874-76. Defendant maintains that it will be severely prejudiced if Plaintiffs are permitted to expand the scope of the proposed class at this late date. According to Defendant, it is "inconceivable" that Plaintiffs' failure to identify all employees who had applied for FMLA leave was "inadvertent." *Id.* at PageID#5878.

In their response brief, Doc. #187, Plaintiffs urge the Court to reject Defendant's arguments on all fronts. Plaintiffs admit that they initially failed to include, on the list of putative class members, all employees who had applied for FMLA leave. They claim, however, that this was an oversight, in that they were focused on preparing complete and accurate lists of the employees who fell into the various subclasses. As soon as they discovered the omission, they

8

supplemented their discovery response. The complete list now includes 321 proposed class members, 105 of who are *also* members of one or more subclass.

Moreover, Plaintiffs deny that they have done anything to substantively change the definition of the proposed class. They maintain that it has *always* included all eligible employees who applied for FMLA leave. They note that the Second Amended Complaint defines the class as follows:

> Plaintiffs bring this as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of themselves and all similarly situated persons for a class of current and former employees of GDRTA who were 'eligible' within the meaning of 29 U.S.C. §2611(2)(A), and *who applied for*, been denied, disciplined, terminated or otherwise had their rights under the FMLA interfered with or who were retaliated against for their exercise of rights under the FMLA.

Doc. #79, PageID#1380 (emphasis added).

In the Second Amended Complaint, Plaintiffs alleged that GDRTA has uniform policies and practices, "applicable to all 'eligible employees' who applied for FMLA leave," that interfere with the employees' rights in numerous ways. *Id.* at PageID#1382. Plaintiffs maintain that, even when Defendant approved a request for FMLA leave without question, the employees were harmed by Defendant's policies and procedures, which required employees to be absent before applying for leave, and to complete a Request for Family or Medical Leave form before they could obtain a medical certification form. *Id.*

Likewise, the Preliminary Statement in the Second Amended Motion for Class Certification and Appointment of Class Counsel specifically states that "[t]he

9

putative class is comprised of current and former RTA employees who were 'eligible' within the meaning of 29 U.S.C. § 2611(2)(A), and *who have applied* for FMLA leave and benefits during the three years prior to the filing of this action." Doc. #178, PageID#4580 (emphasis added).  Plaintiffs explained that the implementation of Defendant's policies discourages employees from exercising their rights under the FMLA. *Id.* at PageID##4580-81.

Plaintiffs also argue that Defendant's Motion to Strike is really a disguised sur-reply.  Plaintiffs deny that they raised any new contentions or presented any new evidence in their reply brief.  Defendant had specifically argued, in its memorandum in opposition to Plaintiffs' class certification motion, that Plaintiffs had altered and expanded the class definition proposed in the Second Amended Complaint.  Doc. #182, PageID#4797-99.  Plaintiffs maintain that they were simply responding to that argument.

With respect to Defendant's "brief summary of the substantial arguments and evidence it could have raised opposing class certification" with respect to the "newly identified putative class members," Doc. #185, PageID##5874-76, Plaintiffs argue that these undeveloped merit-based class certification arguments are inappropriately raised in a motion to strike, and should be ignored.

In its reply brief, Doc. #188, Defendant reiterates the arguments made in its Motion to Strike, and again argues that it would be severely prejudiced if Plaintiffs are permitted to change the proposed class definition at this stage of the litigation.

## II.  Discussion

Before reaching the merits of Plaintiffs' Motion for Class Certification, the Court must determine the threshold issue of the scope of the proposed class.  It is extremely disheartening that, after nearly five years of litigation and numerous delays caused by nonstop discovery disputes, the parties still disagree about one of the most basic issues—who is included in the proposed class.

Having carefully reviewed the docket, the Court finds that—as Plaintiffs suggest—the proposed class has always included all eligible current and former employees who, within the applicable time period, applied for FMLA leave, but who did not necessarily also fall within one of the proposed subclasses.  Nevertheless, Plaintiffs have made numerous missteps along the way that caused Defendant to justifiably believe otherwise.

First, the proposed class definition is very poorly worded.  The proposed class consists of "current and former employees of Defendant who were 'eligible' within the meaning of 29 U.S.C. §2611(2)(A), and *who applied for, been denied, disciplined, terminated* or otherwise had their rights under the FMLA interfered with or who were retaliated against for their exercise of rights under the FMLA." Doc.#178, PageID#4586 (emphasis added).

The italicized language is extremely confusing.  The reader has to either substitute words or add words for it to make any sense.  In a typical FMLA case, a request for FMLA leave precedes a claim that an employer has either interfered with an employee's FMLA rights or retaliated against the employee for attempting

11

to exercise those rights. Accordingly, the most natural "re-writing" of the proposed class definition would be that the class includes eligible employees "who applied for, *and were* denied, disciplined, terminated or otherwise had their rights under the FMLA interfered with or who were retaliated against for their exercise of rights under the FMLA. . . " (emphasis added). This is apparently how Defendant interpreted the language used by Plaintiffs.

In the alternative, the proposed class could be read to include all eligible employees "who *have* applied" (emphasis added) for FMLA leave, separate from, and in addition to, those employees whose requests for FMLA leave were questioned or denied, and those who suffered from retaliation. Although this reading is consistent with the other allegations included in Plaintiffs' Second Amended Complaint and their Motion for Class Certification, it is not necessarily intuitive.

Moreover, Plaintiffs' other statements concerning the proposed class are inconsistent. The introductory paragraph of the Second Amended Complaint in Class Action mentions nothing of employees who simply "applied for" FMLA leave. That paragraph suggests that class members would have had to suffer some subsequent violation of their FMLA rights:

> Plaintiffs bring this action under the FMLA on behalf of themselves and all other current and former employees of GDRTA who have been terminated, disciplined, discriminated against, and otherwise adversely affected for exercising their rights by defendant in defendant's polices, patterns and practices to interfere, restrain, and/or deny the exercise or the attempt to exercise the Plaintiffs' rights under the FMLA.

12

Doc. #79, PageID#1365. This is consistent with the list of 105 employees identified by Plaintiffs as proposed class members. Each of those employees allegedly fell within at least one of the proposed subclasses of employees who had both applied for leave and whose FMLA rights were subsequently violated.

The Second Amended Motion for Class Certification and Appointment of Class Counsel further confuses the issue. Plaintiffs state that 321 out of 708 employees requested FMLA leave during the relevant time period. Doc. #178, PageID##4583, 4590. However, the Conclusion of that motion then states, "the group of approximately 708 class members identified as the Plaintiff class should be certified as a class action." *Id.* at PageID#4597. This suggests that *all* GDRTA employees are proposed class members, regardless of whether they ever applied for FMLA leave. In contrast, in Plaintiffs' reply memorandum, they now argue that the proposed class consists of 321 individuals. Doc. #184, PageID#5458.

Given the poorly worded class definition, Plaintiffs' inconsistent statements about the scope of the proposed class, and Plaintiffs' failure to include, on the list of proposed class members, eligible employees who had applied for FMLA leave but did *not* also fall within at least one of the subclasses, the Court finds that Defendant was justified in believing that the class included only those eligible employees who had both applied for leave, and whose FMLA rights were subsequently interfered with in some way, or who were retaliated against for attempting to exercise their FMLA rights. Not until September 9, 2015, when

Plaintiffs supplemented their discovery responses and submitted a complete list of all eligible employees who had applied for FMLA leave, did Defendant come to understand the true scope of the proposed class.

Unfortunately, because Plaintiffs did not supplement their discovery responses until after Defendant had filed its memorandum in opposition to Plaintiffs' motion for class certification, Defendant has not had a fair opportunity to conduct relevant discovery with respect to the entire proposed class. Nor has Defendant had a fair opportunity to present all relevant arguments in opposition to Plaintiffs' motion for class certification. As Defendant has correctly pointed out, the substance of those arguments varies considerably based on the scope of the proposed class.

To summarize, there is ample evidence in the record to support Plaintiffs' argument that the proposed class includes—and has always included—all employees who "applied for" FMLA leave, regardless of whether they are also a member of one of the subclasses. Moreover, in making this argument in their reply brief, Plaintiffs were simply responding to the argument raised by Defendant in its memorandum in opposition to the motion for class certification. For these reasons, and other reasons set forth below, the Court OVERRULES AS MOOT Defendant's Motion to Strike Plaintiffs' New Contentions and Evidence Raised in Their Reply Brief in Support of Class Certification. Doc. #185.

Nevertheless, because of the considerable confusion created by Plaintiffs as a result of the poorly worded proposed class definition, the numerous inconsistent

14

statements concerning the scope of the proposed class, and the failure to timely identify all proposed class members, the Court finds that Defendant must be given the opportunity to conduct additional discovery with respect to those proposed class members who were not specifically identified by Plaintiffs prior to September 9, 2015, and to make all relevant arguments before the Court addresses the merits of any class certification motion.

In its present form, the definition of the proposed class is subject to multiple interpretations. Plaintiffs' numerous missteps have rendered it impossible for Defendant to adequately respond to the class certification motion, and it would be unfair for the Court to rule on that motion as currently briefed. In the Court's view, Plaintiffs are required to begin anew. Although this will delay resolution of this case even further, the Court finds that the interests of justice require such.

Accordingly, the Court OVERRULES Plaintiffs' Second Amended Motion for Class Certification and Appointment of Counsel, Doc. #178. Plaintiffs are given leave to file, within seven days of this Decision and Entry, a Third Amended Motion for Class Certification and Appointment of Counsel, curing the above-described defects in the proposed class definition and in the motion itself.

The conference call, currently scheduled for January 19, 2016, at 4:00 p.m., is rescheduled for January 26, 2016, at 9:00 a.m. During that call, Defendant's counsel shall be prepared to discuss what additional discovery is needed to properly respond to Plaintiffs' Third Amended Motion for Class Certification and Appointment of Counsel, and how much time will be needed to

15

file a memorandum in opposition. The Court will also set a deadline for Plaintiffs to file a reply brief.

### III. Conclusion

For the reasons set forth above, the Court OVERRULES AS MOOT Defendant's Motion to Strike Plaintiffs' New Contentions and Evidence Raised in Their Reply Brief in Support of Class Certification, Doc. #185. The Court also OVERRULES Plaintiffs' Second Amended Motion for Class Certification and Appointment of Counsel, Doc. #178.

Plaintiffs are given leave to file a Third Amended Motion for Class Certification and Appointment of Counsel within seven days of the date of this Decision and Entry. The conference call currently scheduled for January 19, 2016, at 4:00 p.m., is rescheduled for January 26, 2016, at 9:00 a.m.

Date: January 14, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE